## WINCHESTER *v.* CHESHIRE COUNTY.

An order by the county commissioners, under Gen. Laws, *c.* 25, *s.* 6, for the removal of a county pauper to the county almshouse, which is not complied with because of the pauper's refusal to be removed, does not discharge the county from liability to the town in which the pauper resides for support afterwards furnished him upon a new application, a new necessity having arisen.

CLAIM, for aid furnished a county pauper, referred by the parties to the court for decision, upon Gen. Laws, *c.* 25, *s.* 10.   Facts agreed.

Lucia Hammond, a pauper residing in Winchester, had for many years received relief and support from the county, and was liable to grow more helpless and dependent, and therefore, with the approval of the overseer of the poor of the town, was ordered by the county commissioners to be taken to the county almshouse, where suitable support would be provided, and at a time when she could be safely and properly removed, and suitable means were provided for her removal.   She refused to go to the county almshouse, and for several months thereafter was furnished with no public relief, though unable to support herself.   She then became helpless and wholly dependent, and physically unable to be removed to the almshouse ; and the county commissioners claim that the county is not liable for her support, nor for the expenditure of the town in supporting her, since her refusal of the offer of support at the county almshouse.

*H. W. Brigham*, for the plaintiffs.

*Edmund P. Dole*, solicitor, for the defendants.

BINGHAM, J.   County commissioners may make all needful regulations and orders for the removal of county paupers to the county poor-farm, or to any other place by them designated; and no town shall be entitled to any compensation for the support of any county pauper after notice and neglect to comply with such order.   G. L., *c.* 25, *s.* 6.   We understand from the case that when the order of removal was made to the county almshouse, it was an order within the statute, and properly made, and placed the county in a condition not to be then charged for her support.   It however appears that the pauper refused to go to the almshouse, and for several months following the order she received no public relief, though unable to support herself, when she became helpless, wholly dependent, and physically unable to be moved there ; and the question is, whether the order continued in force after the change in her condition.   She received no aid as a pauper from the town, or from any other source, after the order ; in fact, she supported herself from her own resources, with the aid of her friends, for several months, when her strength and means wholly failed, and she must have public aid or perish.   It does not appear whether she was then willing to be moved, or that she still continued to have sufficient mind to assent to or dissent from a removal.   This was such a change in her condition and the circumstances relating to her case that the order of the commissioners ought not to bar her right to support on a new application.   It was substantially a new case, and the commissioners should have heard and decided it.   If they had

done this, suitable aid would undoubtedly have been furnished. The county is liable.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.