## DERRY v. COUNTY OF ROCKINGHAM.

Overseers of the poor are not required to remove a county pauper to the county poor-farm when so directed by the county commissioners, if the removal would endanger the life or health of the pauper.

SMITH, J.    This is a claim for the support of one Emerson, a county pauper, who for some time prior to October 26, 1887, resided in Derry, and had been supported there by the county. October 17, 1887, the county commissioners notified in writing the selectmen, who were also the overseers of the poor of Derry, that they should allow nothing for assistance furnished to Emerson as a pauper after October 26, 1887, and at the same time authorized the selectmen to remove him to the county poor-farm, and gave a written permit for his admission there.    Emerson was an old man, decrepit from rheumatic disease.    He could not move about, or be moved, without suffering pain.    The commissioners took the advice of a physician in good standing, who examined Emerson, and reported that he could be removed to the county farm without difficulty or danger to himself.    They thereupon authorized his removal, and forbade further support in Derry, acting in good faith, and according to their best judgment.    The selectmen took the advice of another physician of good standing, who had attended upon Emerson, and who gave it as his opinion that it would not be safe to remove him to the county farm.    The selectmen, acting in good faith, and believing that Emerson could not with safety to himself be removed, declined to take the responsibility of removing him ; and he being in need of assistance, they continued to support him in Derry.    The claim for support so furnished to January 1, amounting to $117.60, was disallowed by the commissioners, and the town bring this petition for its allowance.

County commissioners have authority to make all needful regulations and orders for the removal of county paupers to the county poor-farm, or to any other place designated by them ; and no town is entitled to compensation for the support of a county pauper after notice and neglect to comply with such order.    G. L., c. 25, s. 6.    If Emerson's condition was such that he could be removed without endangering his life or health, it was the duty of the overseers to remove him.    How that fact was has not been found. So long as he remained in Derry and needed relief, it was the duty of the overseers to relieve him, although he had no settlement there (G. L., c. 82, s. 1) ; and for wilful neglect of duty in this respect they would have been liable to indictment.    State v. Hoit, 23 N. H. 355.    But the statute in regard to removals is to have a reasonable interpretation.    When removal would result in death, or would seriously endanger the life or health of the pauper, an order

for his removal would not be a reasonable exercise of the authority vested in the commissioners. Relief is furnished to persons who are poor and unable to support themselves, and who otherwise would perish, or suffer from sickness or want. Our poor-laws are to be administered so as to promote their humanitarian purpose. See *Winchester* v. *County*, 64 N. H. 100.

The burden was on the plaintiffs to show that Emerson could not be humanely removed, and the case fails for want of proof. Unless the plaintiffs can show at the trial term that Emerson could not be removed with safety, the defendants will be entitled to judgment.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.

*G. C. & G. K. Bartlett*, for the plaintiffs.

*S. W. Emery*, solicitor, for the defendants.