Original,
No. 5914.

### County of Hillsborough

*v.*

### Superior Court.

Argued March 5, 1969.
Decided March 20, 1969.

*James A. Connor,* county attorney (by brief and orally), for the plaintiff.

*Edward P. McDuffee* and *Joseph L. Clough* (*Mr. Clough* orally), for Rudolph A. Matheisel.

Per curiam. This is a petition for a writ of prohibition seeking to stay an order of the Superior Court that the plaintiff reinstate welfare benefits to Rudolph A. Matheisel pending an appeal from an order made in a bill in equity brought by Matheisel against the county.

It appears that on April 29, 1968, Matheisel sought by bill in equity to obtain certain additional welfare benefits from the county. After hearing, the Court, on August 26, 1968, ordered the county to re-evaluate his needs and to grant him reasonable assistance for food and clothing. On November 12, 1968, Matheisel filed a petition for contempt against the county commissioners. After hearing, the Court, on January 9, 1969, ordered compliance with its order of August 26 and at the same time ordered Matheisel to submit to an examination by the county physician. Matheisel refused to be examined. On January 13, 1969, the commissioners ordered him removed to the county

farm and gave notice that the county would no longer pay a food order. On January 28, 1969, Matheisel moved that the commissioners be enjoined from removing him to the county farm and alleged a denial of due process by the commissioners. The motion was denied subject to exception, and the Court ordered a reserved case to be filed not later than March 4, 1969 and ordered benefits reinstated pending a decision of this Court. It is the latter order that the plaintiff seeks to have stayed by a writ of prohibition.

Prohibition is an extraordinary writ, the purpose of which is to prevent subordinate courts or other tribunals, officers or persons from usurping or exercising jurisdiction with which they are not vested. The grant of such a writ is within the discretion of this court and should be used with caution and forbearance and then only when the right to relief is clear. See 73 C. J. S., Prohibition, *ss.* 2 & 5.

While it is true that we will not deny relief in a proper case merely because of the form of remedy sought, neither will we interfere by extraordinary action with the ordinary process of appeal unless there is a clear case of necessity.

Aside from the temporary reinstatement order the proceedings in the Superior Court are not now before us, but from what has been represented to us by counsel, we cannot say that the subject matter is clearly outside the jurisdiction of that court. The order complained of merely preserves the *status quo* pending appeal and it does not appear that any irreparable harm will result from the order. We therefore decline to interfere with it in advance of a hearing on the merits.

*Petition denied.*