Hillsborough,
No. 5936.

RUDOLPH A. MATHEISEL

*v.*

COUNTY OF HILLSBOROUGH.

April 30, 1970.

*Edward P. McDuffee* and *Joseph L. Clough* ( *Mr. McDuffee* orally ), for the plaintiff.

*James A. Connor,* County Attorney and *Robert E. Early, Jr.,* Assistant County Attorney ( *Mr. Early* orally ), for the defendant.

PER CURIAM. The plaintiff was a county welfare recipient for about a year prior to this action. He petitioned the superior court to have his allotment increased, claiming that he was unable to exist on the $8.00 a week allowance for food and that he was in dire need of clothing. On August 26, 1968, after a hearing on a report of the Probation Department, to which the matter had been referred, the Court ( *Keller,* J. ) found plaintiff to be a county pauper unable to support himself and that the amount being paid him was "unreasonably insufficient" to properly sustain him and that the county had unreasonably refused to assist him. The court found the $11.00 room rent allowance to be reasonable. He ordered the County Commissioners to re-evaluate plaintiff's needs and grant him reasonable assistance for food and clothing in addition to the room rent allowance.

On November 13, 1968, plaintiff filed a petition for contempt, claiming that it was not until October 18, 1968 that the Commissioners met with him and his attorney, that they took his request for $15.00 per week for food and $5.00 a week clothing allowance under advisement but on October 24, 1968 wrote

to the County Attorney that $10.00 per week was the current meal allowance, that to grant petitioner more would be a misuse of tax money. It was further alleged that the letter to the County Attorney stated that the Commissioners would assist the plaintiff in obtaining aid under the State Program for Aid to the Totally and Permanently Disabled ( RSA ch. 167 ) if he could qualify, but failing this if he was unable to exist on $10.00 per week, he would be removed to the Hillsborough County Home. *See* RSA 166:2. The Superior Court, *Flynn*, J., on January 9, 1969, ordered compliance with the order of August 26, 1968 forthwith. On the same day the County Attorney requested reconsideration of the order and an examination of the plaintiff by the county physician. The Court, *Flynn*, J., denied reconsideration but ordered the examination of the plaintiff.

On January 28, 1969, the plaintiff filed a motion to reinstate benefits and alleged that the Commissioners, without notice to him or an opportunity to be heard, had ordered him removed to the "County Home for the Poor" and had terminated all other assistance to him. He requested that the Commissioners be enjoined from implementing their decision. The Court, *Flynn*, J., denied the motion subject to exception but ordered a continuance of benefits pending appeal by the plaintiff, and transferred plaintiff's exception to the denial of his motion.

This case has been here before on a petition for writ of prohibition. *See Hillsborough County* v. *Superior Court*, 109 N.H. 333, 251 A.2d 325. It is before us now confined to the question of whether the plaintiff is entitled to a hearing before the County Commissioners on the question whether he should be removed to the county home rather than receive reasonable assistance in the way of money allowance.

RSA 166:2 provides that "The county commissioners may make needful orders and regulations for the removal of county paupers to the county poor farm, or any other place by them designated; and no town shall be entitled to compensation for the support of a county pauper after notice of, and neglect to comply with, such order."

The defendant contends that plaintiff is not entitled to notice and a hearing on the question of his removal to the "county poor farm" instead of receiving a monetary allowance, because public assistance is not a right but is a mere gratuity, and because the loss of liberty which plaintiff will suffer is self-imposed

by his voluntary application for assistance. We cannot agree with this view.

The Supreme Court of the United States has very recently held that welfare benefits are rights which are protected by the due process clause of the fourteenth amendment and may not be terminated without prior notice and hearing, at which the welfare recipient may be represented by counsel. *Goldberg* v. *Kelly,* 397 U.S. 254; *Wheeler* v. *Montgomery,* 397 U.S. 280.

Although plaintiff has a right to support, the Commissioners have the authority to support county paupers in the "county poor farm" or by direct grants. RSA 166:2; RSA 28:9. The difference between being supported by a direct grant and being removed to the "county poor farm" is substantial and there must be some reasonable basis to distinguish a person who is removed from those who are not removed to justify such removal under the equal protection clause. *See Dandridge* v. *Williams,* 397 U.S. 471. The difference in treatment being substantial, a hearing is required. *Goldberg* v. *Kelly, supra; Wheeler* v. *Montgomery, supra. See Salisbury* v. *County,* 59 N.H. 359, 361; *Winchester* v. *County,* 64 N.H. 100, 101, 5 A. 767, 768.

It appears that the hearing on October 18, 1968 related only to the amount of plaintiff's support allowance as ordered by the trial court, and the order of removal and termination of the support allowance was made without any prior notice or hearing of any kind. We hold that the plaintiff is entitled to reasonable notice and a hearing before a removal order can become effective and his direct grant terminated.

*Remanded.*