Hillsborough
No. 6596

JAMES BIGWOOD & a. v. TOWN OF MERRIMACK
WILLIAM MULLEN v. TOWN OF MERRIMACK

September 28, 1973

*Stein, Gormley & Morrill (Mr. Morris D. Stein* orally) for the plaintiffs.

*Leonard & Harkaway* and *William J. Groff (Mr. Groff* orally) for the defendant.

PER CURIAM. In this petition for declaratory judgment the Trial Court, *Dunfey,* J., transferred without ruling on an agreed statement of facts the following question: "Does the Town of Merrimack have the authority to tax Mobile Homes and hold the Petitioners liable under the provisions of RSA 73:16-a, when the method for taxing Mobile Homes is specifically provided for under RSA 72:7-a?"

The plaintiffs are owners of mobile home parks in the town of Merrimack. Their land is divided into lots which are rented to the owners of mobile homes who place their homes on the lots and live in them. On termination of their tenancy, the owners remove their mobile homes. The defendant town has notified the plaintiffs that it intends to hold them responsible for the tax on the mobile homes so located in their respective parks. The town claims authority for its action under RSA 73:16-a, which provides in part that: "Whenever any person leaves upon the real estate of another person, with such person's consent, any taxable personal property, the tax upon the same may be assessed to the owner of the land . . . ." provided written notice is given to the landowner who is given a lien on the personal property for the tax paid.

RSA 72:7-a provides generally that a house trailer, travel trailer, or mobile home is taxable in the town where it is located on April 1 of each year. The town is given a lien on such trailer or mobile home for uncollected taxes.

The town notified the plaintiffs on April 1, 1971, of its intent to hold them responsible for the taxes on the mobile homes located in their parks under RSA 73:16-a and mailed them inventory forms.

The State tax commission for many years has consistently interpreted this statute as authorizing cities and towns to hold the landowners responsible for the tax on mobile homes located on their land and have so advised local taxing officials. Our examination of the legislative history of RSA 73:16-a and RSA 72:7-a convinces us that the legislature intended to give towns alternative methods of taxing mobile homes and that RSA 72:7-a is not an exclusive method of taxation. Accordingly the answer to the transferred question is "Yes".

*Declaratory judgment for the defendant in each case.*

GRIFFITH, J., did not sit.