Rockingham
No. 6933

RUTH E. SMITH

v.

GEORGE SAMPSON & a.

September 30, 1974

*George Charles Bruno,* director, and *Robert D. Gross,* attorney, New Hampshire Legal Assitance (*Mr. Gross* orally), for Ruth E. Smith.

*Kfoury & Williams (Mr. Paul R. Kfoury* orally) for Homer and Agnes Bockman, intervenors.

George Sampson and Derry District Court, defendants, filed no brief.

LAMPRON, J. The ultimate issue to be decided is whether the superior court erred in denying a restraining order on plaintiff's petition for a writ of prohibition (1) to prevent the enforcement of an alleged unlawful order of the District Court of Derry requiring that plaintiff post a bond of $450 to cover taxes due on her mobile home to appeal an adverse decision in a possessory action; and (2) to restrain the sheriff of the county from executing a writ of possession to be issued on her failure to comply.

The landlord and tenant action brought under RSA ch. 540 by the intervenors Homer and Agnes Bockman against the plaintiff in this action was heard by the Derry District Court (*Grinnell,* J.) on July 27, 1973, and resulted in an order that a writ of possession issue upon request. On July 30, 1973, Ruth Smith moved for an evidentiary hearing "for appeal purposes", and on August 2, 1973, the Bockmans requested that a writ of possession be issued. No further

action was taken by either party, and a hearing in the matter was scheduled by the district court for May 2, 1974, which resulted in the following order being issued: "Defendant appeals and is ordered to post a bond of $450.00 to cover taxes due on her mobile home that by statute must be paid by plaintiff if defendant does not pay. Defendant further ordered to pay rent in advance to the Superior Court in Exeter. If bond is not posted by May 8 with clerk of Derry District Court, appeal dismissed." On May 10, 1974, Ruth Smith filed a petition in superior court for a writ of prohibition against the District Court of Derry and the sheriff of the county and sought a temporary restraining order. This was denied by *Mullavey*, J., and plaintiff's exception was reserved and transferred.

RSA 540:25 (Supp. 1972) pertaining to appeals in possessory actions provided as follows: "The defendant, before his appeal is allowed, shall recognize to the plaintiff, with sufficient sureties, in such sum as the court may order, to enter and prosecute his appeal, and to pay all rent then due or which may become due pending the suit, and such damages and costs as may be awarded against him." However, this section was stricken, effective August 26, 1973, by Laws 1973, ch. 352, now RSA 540:25 (Supp. 1973), and the following new section substituted. It reads in pertinent part as follows: "The defendant, while his appeal is pending, shall pay into court or to the plaintiff, as the court directs, all rents becoming due after the appeal is filed . . . . For the purpose of this section 'rent' shall mean the amount of money called for by the lease or rental agreement at the time the action was instituted."

This court has held that under RSA 73:16-a cities and towns can hold the landowners responsible for the taxes on mobile homes located on their land. *Bigwood v. Town of Merrimack*, 113 N.H. 538, 309 A.2d 895 (1973). There is no claim by the intervenors, and the record is devoid of any evidence, that tax payments which the Bockmans might be obligated to make on account of plaintiff's mobile home, referred to in the order of the district court, were part of the rental agreement between the parties.

The substantive rights of the parties which determine

whether or not a writ of possession should issue are not involved in this proceeding. 63 Am. Jur. 2d *Prohibition* § 46 (1973). Nor are these rights affected in any manner by RSA 540:25 (Supp. 1973). *See* N.H.S. Jour. 1719 (1973). What is in issue and governed by the amended statute is the procedure to be followed by the plaintiff to appeal to the superior court the decision made of her possessory rights by the district court. Statutes in the nature of RSA 540:25 (Supp. 1973) are called remedial and become operative on their effective date even though the actions which determined the substantive rights took place before the statutes became effective. *Alden v. Kimball,* 104 N.H. 454, 189 A.2d 494 (1963). As such statutes do not take away, impair, or affect those rights, they do not come within the prohibition of N.H. CONST. pt. I, art. 23 against retrospective laws. *Pepin v. Beaulieu,* 102 N.H. 84, 90, 151 A.2d 230, 236 (1959); *New Eng. Culvert Co. v. Williams Constr. Co.,* 105 N.H. 235, 239, 196 A.2d 713, 716 (1963); 73 Am. Jur. 2d *Statutes* § 354 (1974).

RSA 540:25 (Supp. 1973) had been in effect since August 26, 1973, when on May 2, 1974, the order of the district court requiring the plaintiff to furnish a bond to pay taxes in order to appeal was issued. The conditions to be met to appeal in possessory actions are set out in that section and they do not include furnishing a bond to cover taxes. The district court had no authority to impose such a requirement in its order. *Property Owners Ass'n v. Sholley,* 111 N.H. 363, 365, 284 A.2d 915, 917 (1971); *see Prevedini v. Mobil Oil Corp.,* 320 A.2d 797 (Conn. 1973); *Harrington v. Harrington,* 269 A.2d 310 (Me. 1970); 4 Am. Jur. 2d *Appeal and Error* § 4 (1962).

"Prohibition is an extraordinary writ, the purpose of which is to prevent subordinate courts or other tribunals, officers or persons from usurping or exercising jurisdiction with which they are not vested." *Hillsborough v. Superior Court,* 109 N.H. 333, 334, 251 A.2d 325, 326 (1969). Jurisdiction to issue such a writ is expressly granted to this court by RSA 490:4 (Supp. 1973). However, there is no constitutional or statutory provision which prevents the superior court from issuing such a writ to prevent a lower court from exceeding its powers. D. Dobbs, Remedies § 2.10, at 112 (1973); 63

Am. Jur. 2d *Prohibition* § 37 (1972); *see George v. Commercial Credit Corp.,* 105 N.H. 269, 271, 197 A.2d 212, 214 (1964).

It is clear from what has been said hereinbefore that the district court had no power to impose as a condition of appeal that plaintiff furnish a bond to pay taxes. The failure to issue a writ of prohibition would result in irremediable harm to the plaintiff by depriving her of her statutory right of appeal which is her sole means of contesting the district court decision in the possessory action. In such a situation she is entitled to a writ of prohibition as a matter of right. *State ex rel. Gilligan v. Hoddinott,* 36 Ohio St. 2d 127, 304 N.E.2d 382 (1973); 63 Am. Jur. 2d *Prohibition* § 47, at 280 (1972).

*Petition for prohibition granted.*

All concurred.