Strafford
No. 7302

AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL NO. 572

v.

CITY OF DOVER

September 19, 1975

*Fisher, Parsons, Moran & Temple (Mr. Robert H. Temple* orally) for
the plaintiff.

*Douglas C. Gray,* city solicitor, by brief and orally, for the de-
fendant.

### MEMORANDUM OPINION

On August 22, 1975, twenty union and five nonunion employees
refused to punch in their time cards and commence work following
a labor dispute. The Dover city manager discharged these em-
ployees on the grounds that they violated an existing labor agree-
ment and participated in an illegal strike.

The plaintiffs petitioned the superior court and asked that pend-
ing a hearing on the merits the city be temporarily enjoined from
hiring replacement employees and for a temporary order reinstat-
ing the discharged employees. The Trial Court *(Mullavey,* J.), after
hearing, ordered the discharged employees to be reinstated pend-
ing a hearing on the merits of the petition. The parties are before
this court as a result of a petition by the city asking this court to stay

the order of the superior court pending a hearing on the merits of plaintiffs' petition.

In effect, the city is asking for a writ of prohibition. *See State ex rel. Regan v. Superior Court,* 102 N.H. 224, 153 A.2d 403 (1959); *State v. Superior Court,* 106 N.H. 228, 208 A.2d 832 (1965). The city seeks to restrain and stay action of an inferior court. The petition is within the jurisdiction of this court (RSA 490:4 (Supp. 1973)) but our authority is exercised with caution and forbearance and only when the necessity to act is clear. The order complained of merely preserves the status quo pending a hearing on the merits which shall be held expeditiously. *Hillsborough v. Superior Court,* 109 N.H. 333, 334, 251 A.2d 325, 326 (1969); *Manchester Educ. Ass'n v. Superior Court,* 109 N.H. 513, 514, 257 A.2d 23, 24 (1969).

*Petition denied.*