Rockingham
No. 88-459

ROBERT L. STEVENS

v.

JACK C. MALONEY AND ANN L. MALONEY

March 6, 1989

*Paul R. Pudloski P.A.*, of Exeter, by brief and orally, for the plaintiff.

*New Hampshire Legal Assistance*, of Portsmouth (*Victoria Pulos* on the brief and orally), for the defendants.

## MEMORANDUM OPINION

SOUTER, J. The defendants appeal from an order of dismissal issued by the Superior Court (*Gray*, J.) for failure to deposit $6,500 as a condition of prosecuting their appeal from a district court ruling in an eviction proceeding. We reverse and remand.

The plaintiff purchased the residential property in question at a sale held on foreclosure of the defendants' mortgage and promptly began eviction proceedings against them under RSA 540:12. On July 22, 1988, the Exeter District Court (*Cullen*, J.) ordered judgment for the plaintiff, whereupon the defendants appealed to the superior court under RSA 540:20. They were immediately met with the plaintiff's motion to require their recognizance as a condition of proceeding. After a series of procedural steps that need not be recounted here, the court relied on RSA 540:23 in ordering the defendants to deposit $6,500 with the clerk of court by October 3, 1988, "to reflect rent only," or to suffer "dismissal of the appeal."

They were further ordered to "pay the sum of $800 per month as per RSA 540:25 beginning Jan. 1, 1989" in the event the appeal went forward. When the defendants failed to make the deposit, the court ordered dismissal. On December 14, 1988, we stayed the further eviction proceedings pending resolution of the defendants' appeal to this court.

As the plaintiff sees the question before us, it "concerns the *amount* of recognizance set by the Superior Court and the *manner* in which the amount was determined." (Emphasis as in plaintiff's brief.) We, however, do not so conceive the issue, since the superior court did not order a recognizance and, on the record before us, apparently would have had no authority to do so.

■■■■ "A recognizance is . . . an obligation of record [entered] into before some court of record . . . with condition to do some particular act—as, to . . . pay a debt, or the like." *State v. Walker*, 56 N.H. 176, 178 (1875) (citation omitted). What the trial court ordered in this case was not such a recognizance but a deposit of money. While a party ordered to furnish a recognizance may satisfy the obligation by depositing cash, *see* RSA 21:25-a, a recognizance does not require such a deposit.

Although RSA 540:25 once empowered the superior court to require a recognizance from any defendant filing an appeal in an eviction proceeding, *see* Laws 1957, 244:29, its amendment by Laws 1973, chapter 352, eliminated that authority, and left the court with power to require no more than the deposit or payment of all or a portion of "rents becoming due after the appeal is filed. . . ." (The reference to "recognizance" in the bold-face title heading survived the amendment, however.) To be sure, RSA 540:17 still requires a defendant's recognizance, with adequate sureties, to cover potential damages as well as rent, but the section applies only when a defendant enters a plea of title, which is not claimed to be the case here.

Thus, § 25 provides the trial court's only authority to require a defendant to post security in an eviction proceeding under RSA chapter 540 where title is not pleaded, and the issue before us is whether the trial court was thereby authorized to require a deposit in the amount actually ordered. We have no occasion to rule on the applicability of § 25 to this case, since that is conceded, as is the reasonableness of $800 a month as prospective rent for the property. There is, consequently, no dispute that the court could have required the deposit of $800 each month after the filing of the appeal.

■ The court, however, required more than § 25 is thus conceded to authorize. The total rent accrued had not reached $6,500 by October 3, 1988, and it was therefore error to order a deposit in that amount and to deny the defendants' first motion for reconsideration, insofar as it pointed out that the court's authority to impose conditions was limited by the provisions of § 25 in its amended form. The dismissal for failure to deposit the excessive amount must accordingly be reversed and the case remanded for entry of an order requiring deposit in the authorized amount. *See Smith v. Sampson*, 114 N.H. 638, 641, 325 A.2d 796, 798 (1974) (jurisdiction under § 25 to order deposit of rent becoming due after appeal does not include authority to require bond for taxes).

Although the plaintiff has suggested that a condition of the defendants' bringing this appeal should have been their deposit of the amount they concede the court could have ordered, the plaintiff made no such request when the notice of appeal was filed, and we do not intimate what our ruling would have been if such a request had been timely made.

*Reversed and remanded.*

All concurred.