Hillsborough,
No. 4348.

ISABEL L. SULLIVAN, *Ex'x & a.*

*v.*

INDIAN HEAD NATIONAL BANK, *Ex'r.*

Argued October 5, 1954.

Decided November 4, 1954.

*Albert Terrien* and *Bolic A. Degasis* (*Mr. Terrien* orally), for the plaintiff.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Winer* orally), for the defendant.

LAMPRON, J. The Court properly found that at the conclusion of the hearing on defendant's petition to have decedent's will proved in solemn form (R. L., c. 351, s. 7) the judge of probate affirmed the former probate, so stated orally from the bench in open court and endorsed his decree on the petition. *Harris* v. *Crocker*, 97 N. H. 311, 312.

No statute requires that notice of this decision be sent to the parties. Nor was there any evidence of a rule of court so requiring or of a well established custom so to do. We therefore agree with defendant's position that the action of the probate court constituted at least constructive notice of the decree confirming the prior allowance and approval of this will in common form. *Mitchell* v. *Mitchell*, 328 Ill. 136, 143; *F. Nat. Bk. Spring Mills* v. *Walker*, 296 Pa. 192, 196; *State ex rel. Harp* v. *Vanderburgh Circuit Court*, 227 Ind. 353, 360; 49 C. J. S. 236. This would be sufficient to put in operation the statutory period within which an appeal therefrom was to be taken under Revised Laws, chapter 365, section 2.

In considering whether the conduct of the plaintiff, and more particularly that of her counsel, constituted "mistake, accident or misfortune" and not neglect, it is clear that the statute (R. L., c. 365, s. 7) confers discretion on the Trial Court to decide these matters on the basis of the particular facts involved. *Beaudoin* v. *Couture*, 98 N. H. 272, 275. However this exercise of discretion calls for a determination of questions of fact and not for dispensation of grace. To be sustained, it must find support in the record. *Twardosky* v. *Company*, 95 N. H. 279, 285, and cases cited. Such support is lacking in this case.

The findings establish that plaintiff's counsel "must be considered as having known the time limit on appeals," and also the fact that "they made no inquiries . . . to determine what decree, if any, the [Probate Court] had made." There was evidence that "two or three times a week" one of them was in the registry where the decree was a public record. The other testified that he "naturally would" have inquired about the decree "but . . . did have a lot of work to do." For four months neither asked that he be notified

or made any inquiry. The evidence furnishes no basis for a finding that the plaintiff was "prevented from appealing . . . through mistake, accident or misfortune, and not from . . . neglect" (s. 7, *supra*) and no such finding was expressly made. On the contrary, it appears that counsel followed "a course of the safety of which [they] could not be certain, in preference to one which [they] knew, or in the exercise of reasonable diligence should have known was safe." *Arnold* v. *Hay*, 95 N. H. 499, 502.

The purpose of Revised Laws, chapter 365, section 2, "of securing the orderly and expeditious settlement of estates" requires that the petition be dismissed. *Beaudoin* v. *Couture, supra,* 274; *Arnold* v. *Hay, supra.*

*Petition dismissed.*

All concurred.