■ BENJAMIN ELLIS, Appellant, v. NEWTON PAPER Co., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County, entered December 5, 1961, after a hearing and the taking of proof, which granted the motion of defendant, Newton Paper Co., made pursuant to section 237-a of the Civil Practice Act, to vacate the alleged service of the summons and complaint upon it on the ground that it is a foreign corporation not doing business in this State and not subject to the jurisdiction of the court. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ HAROLD V. ENGLE, Respondent, v. YANKEE REALTY CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained as a result of a fall by plaintiff while working as a steamfitter on a building which was in the process of construction by defendant, the defendant appeals from so much of an order of the City Court of Yonkers, dated October 25, 1960, as failed to grant unconditionally its motion to dismiss the action by reason of plaintiff's failure to serve his complaint within the time prescribed (Civ. Prac. Act, § 257); as granted the motion "unless the complaint is served upon the defendant's attorney within ten days"; and as directed defendant to accept service of the complaint within such 10-day period. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and defendant's motion to dismiss the action granted unconditionally. The accident occurred on April 3, 1957. The action was commenced by the service of a summons on November 23, 1957. A notice of appearance was served on November 29, 1957. On March 29, 1960, a few days prior to the expiration of the Statute of Limitations, plaintiff served his complaint. On March 30, 1960 defendant returned the complaint as not timely served (Civ. Prac. Act, § 257). In our opinion, under the circumstances the motion to dismiss should have been granted unconditionally. The explanation of plaintiff's counsel for the late service of the complaint was: (1) that he was delayed in his efforts to ascertain from the plaintiff and his witnesses the location of the accident, and (2) that there were several personnel changes in his office. Such explanation is insufficient to excuse the unreasonable delay in serving the complaint (*Parmett* v. *Concord Hotel*, 9 A D 2d 767, and cases there cited; *Lasner* v. *Lefrak Organization*, 23 Misc 2d 916). The absence of an affidavit of merits and the failure to show any justifiable cause for the long delay preclude the revival of plaintiff's cause of action (*Constanzo* v. *Schwedler*, 14 A D 2d 814). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.