Coos,
No. 5097.

HAROLD B. ALDEN *& a. v.* LAURA KIMBALL *& a.*

Argued February 5, 1963.

Decided March 29, 1963.

*Sheehan, Phinney, Bass, Green & Bergevin (Mr. Gerard O. Bergevin* orally), for the plaintiffs.

*Walter D. Hinkley* (by brief and orally), for the defendant Laura Kimball.

BLANDIN, J.   The question before us, as stated in the plaintiffs' brief, is whether they are "barred from seeking a review of the Deputy Labor Commissioner's Report and Decision?"

The plaintiffs do not seriously dispute that Laws 1961, 194:15 (RSA 281:37 (supp)), which reduced the time limit on appeals from a decision of the Labor Commissioner from sixty to thirty days, is controlling here.   The amendment was passed on June 26, 1961, effective as of July 1, 1961.   This was after the death of the defendant Laura's husband, who was killed in an accident on February 11, 1961.   However, the amendment did not affect the substantive rights of the parties (*cf. Rivard* v. *McElwain Co.,* 95 N. H. 100, 103), but was a procedural remedy designed to avoid delays in the final disposition of workmen's compensation claims.   As such, it was clearly in the interest of expediting justice. See *Pepin* v. *Beaulieu,* 102 N. H. 84, 89.   It appears the intent of the Legislature was to have this remedial procedure apply to all cases from its effective date.   50 Am. Jur., Statutes, *s.* 482,

*pp.* 505-506; 82 C.J.S., Statutes, *s.* 416, *p.* 993. See *Pepin* v. *Beaulieu, supra.*

RSA 281:37 (supp) provides that an appeal from the decision of the Labor Commissioner "shall be filed within thirty days of the date of said commissioner's award." It is apparent that this appeal, filed April 26, 1962, from a decision rendered on March 23, 1962, was not seasonably taken under the above section.

The plaintiffs, however, urge, assuming they are barred under section 37 (supp), *supra,* that they should be relieved under RSA 281:42 (supp), which provides as follows: "Any person, aggrieved by a decision of the commissioner, who was prevented from appealing therefrom within thirty days through mistake, accident, or misfortune and not his own neglect, may petition the superior court at any time within one year thereafter, to be allowed an appeal, setting forth his interest, his reason for appealing and the cause of his delay."

It is undisputed that the sole reason for the late appeal was that experienced counsel relied upon a 1959 pamphlet of labor laws issued by the Commissioner and made no search to discover whether RSA 281:37 had been amended. In these circumstances, we believe that the Trial Court's denial of relief under section 42, *supra,* is sustainable. The plaintiffs' exceptions on this score and to the dismissal of their appeal under section 37, *supra,* are overruled.

A further matter to be disposed of arises because the only issue decided by the Labor Commissioner was that the deceased husband was an employee of the plaintiff Alden and that the claimant Laura "shall receive the benefits provided by the Workmen's Compensation Law." The amount of compensation is yet to be determined in a further hearing under section 37 (supp), *supra,* before the Labor Commissioner.

The order is

*Remanded.*

KENISON, C. J., did not sit; the others concurred.