Original
No. 7066

*In re* Ralph Brewster

November 28, 1975

*Anthony A. McManus,* by brief and orally, for Ralph Brewster.

*Warren B. Rudman,* attorney general, and *Roger G. Burlingame,* assistant attorney general *(Mr. Burlingame* orally), for the Merrimack County Superior Court.

Per curiam.   This is a petition filed in this court by Ralph Brewster in which he claims that he was denied due process in a contempt proceeding arising out of a divorce action and that the conduct of the court violated the Canons of Judicial Ethics. We find no foundation for either claim in the record before us which

by agreement consists of the report of the attorney general, to whom the petition was referred for investigation, and the transcript of the hearing on the petition for contempt.

By the decree of divorce dated November 29, 1968, following a hearing in which Ralph appeared pro se, real estate located in Pittsfield was awarded to Joyce, the libelant, who in turn was to pay Ralph $3,000 within five years and give him a mortgage to secure the payment. Ralph was ordered to pay $40 per week for support of the children. Joyce never gave a mortgage but in January 1973, Ralph gave her a deed to the property and she paid him the sum of $1,525.00. Following this, Ralph ceased making support payments. In February 1973, Joyce filed a petition for modification and petition for contempt. Ralph appeared pro se at a hearing before a master on May 21, 1973, who found that Ralph had lived in the Pittsfield property following the divorce, used it for business purposes, and that Joyce had supplied board, housekeeping and laundry services worth $59 per week or a total of $1,475 and that Joyce was entitled to a setoff of this amount on the $3,000, which together with the $1,525 already paid constituted compliance with the decree. The master rejected Ralph's claim that as part of the transaction in January when he gave Joyce the deed, he was to be relieved of further support payments in lieu of payment of the balance by Joyce. Ralph was found in contempt and was given thirty days to pay the arrearage found to be $720 as of May 14, 1973. A decree in accordance with this master's report was dated May 23, 1973. Ralph did not appeal and the finding and rulings became final under Superior Court Rule 69 (RSA 491:App. R. 69 (Supp. 1973)), and Mr. Brewster was not thereafter entitled to relitigate them.

On July 27, 1973, Joyce filed a petition for contempt against Ralph for failure to comply with the May 23, 1973 decree. Ralph, appearing pro se, filed motions and requests to be relieved of compliance, for a continuance until the justice who heard the original divorce could preside, for modification, and to dismiss Joyce's petition. On November 15, Ralph was notified of a hearing to be held November 26 "relative to pending motions." He then requested a continuance and that he be furnished a transcript of part of the testimony at the May 21 hearing. He alleges that on inquiry he was told by telephone that his request had been denied.

The transcript of the November 26 hearing reveals that the presiding justice stated at the outset that the only issue was

whether Ralph had complied with the May 23 decree. Ralph stated that he understood but thereafter sought to relitigate the same issues which had been litigated in May, would not accept the fact that he was foreclosed, and refused to pay on the arrearage "as a matter of conscience." He was found in contempt and ordered to pay $1,000 forthwith and the balance of the arrearage or $560 before January 5, 1974, or "stand committed to jail for sixty days." He did not pay and was committed and served until January 9, 1974, when he was released by the justice who committed him.

Most of the difficulties in this case stem from the fact that Mr. Brewster represented himself. Having failed to take the steps necessary to appeal the findings and rulings of May 23, he refused to accept the fact that he was not entitled to relitigate them in November even though the presiding justice painstakingly attempted to explain this to him. His motion for modification on which he complains he was not given a hearing was merely an attempt to relitigate the issues as to which he failed to appeal. The portions of the transcript he requested were also to be used for the same purpose and could not have been used even if they had been supplied. No prejudice, therefore, could have resulted by the denial. His request for the same justice who heard the original divorce was directed to the same ends.

Some of Mr. Brewster's misunderstandings may have resulted from a failure to respond in writing to all of his various motions and requests. Although there has been no denial of due process on the facts of this case, some of his complaints might have been avoided by better communications. Of course, those appearing pro se are required to abide by and are bound by the same rules of procedure as are those with counsel, and the court is not required to act as counsel for them even in criminal cases. *See Barry v. Bank of New Hampshire* (decided this day); *Faretta v. California,* 422 U.S. 806 (1975). In any event, Mr. Brewster's failure to appeal the May 23 decree was not due to any unawareness of the need to file something within the time specified as he, according to his own statement, consulted a lawyer with regard to this following the May decree.

We find nothing in the record before us which supports the claim of a denial of due process or which would justify any action by this court.

*Petition dismissed.*