Sullivan
No. 7282

KONSTANTY KOZIELL

v.

JOHN C. FAIRBANKS,
EXECUTOR U/W OF ERNEST G. MILLER

November 28, 1975

*Robert B. Buckley* and *Jon S. Auten (Mr. Auten* orally) for the plaintiff.

*Michael J. Work,* by brief and orally, for the defendant.

PER CURIAM. The question transferred is whether plaintiff's petition for extension of time to bring suit against the defendant met the requirements of RSA 556:28.

It is undisputed that Ernest Miller died on or about April 16, 1973, that defendant was granted letters of administration by the Sullivan County Probate Court on April 19, 1973, and that by letter dated August 12, 1973, notice of a claim against the estate in the amount of $50,456 was given to the defendant by plaintiff's then counsel. There was no further communication between the parties or their counsel until May 20, 1974, when a writ was served on defendant. On May 27, 1974, defendant filed a motion to dismiss on the ground that suit had not been begun within one year next after the grant of administration as required by RSA 556:5. On September 11, 1974, plaintiff filed a petition under RSA 556:28 which provides in part that whenever one having a claim against an estate which has not been presented within the time limited by law, "he may apply to the superior court, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him judgment for the amount due to him . . . ." After hearing, at which no sworn testimony was received and no record made, the court on February 6, 1975, denied the motion to dismiss and granted the plaintiff's petition. Defendant's bill of exceptions was allowed by *Loughlin,* J.

Plaintiff's petition for extension of time alleges that plaintiff was employed by the deceased as companion, cook, housekeeper and practical nurse from September 1, 1970, on a virtual twenty-four-hours-a-day, seven-days-a-week basis until his death on April 16, 1973; that he retained a lawyer who

sent the notice of claim referred to above; that the lawyer failed to bring suit within the time limit but retired from the practice of law sometime prior to May 16, 1974; and that after being contacted by plaintiff, his successor brought suit by writ dated May 17, 1974, which was served on May 20, 1974. It then alleges that plaintiff "is not chargeable with culpable neglect in not bringing suit within the time prescribed by law."

In a memorandum in support of plaintiff's petition submitted to the court at the time of hearing but probably not read by the court at that time, plaintiff alleges that he has great difficulty in speaking and understanding English and that he had been assured by his former lawyer that all necessary steps were being taken to prosecute his claim and that he had no reasonable means of knowing otherwise. It further alleges that when he learned that his former attorney was no longer practicing law, he immediately contacted his present attorney who took over the former lawyer's office.

Although the court may not have read the memorandum before acting, we cannot say that the information contained therein was not brought to his attention. Representations by counsel in informal hearings without a record such as was held in this case often furnish the basis for action by the court. In addition, the court could take notice of the fact that plaintiff's former lawyer had been suspended from practice on May 17, 1974, and that prior thereto there had been an ongoing investigation which resulted in criminal charges against the lawyer. Although the suspension occurred after the time limit had expired on April 19, 1974, nevertheless the court could have found that the events leading up to it had affected the lawyer's ability to function for a substantial period.

The fact that there is no transcript of the hearing eliminates any question of the sufficiency of the evidence to support the court's finding that plaintiff was not chargeable with culpable negligence. (*Bergeron v. Hunt,* 110 N.H. 278, 266 A.2d 121 (1970); *Timberlane Regional Educational Association v. Crompton,* 115 N.H. 616, 347 A.2d 612 (1975)), and we find no errors apparent on the face of the record. *Pike v. Hartford,* 100 N.H. 473, 130 A.2d 540 (1957); *see Mercer v. Merchants National Bank,* 108 N.H. 199, 230 A.2d 745 (1967).

*Exception overruled.*