Grafton
No. 7621

DOROTHY E. BRADY

v.

CARLOS T. DURAN AND CAROLYN J. DURAN,
d.b.a. PINE SHORES MOTEL & RESTAURANT

March 31, 1977

*Paul A. Rinden,* of Concord, by brief and orally, for the plaintiff.

*Hinkley & Donovan,* of Lancaster (*Mr. Walter D. Hinkley* orally) for the defendants.

KENISON, C.J. This is an appeal from the denial of the plaintiff's motion for late entry. In her suit she seeks damages for personal injuries allegedly sustained while she was a guest at the defendants' hotel. The plaintiff's writ of summons was issued on July 17, 1974, returnable the first Tuesday of September 1974.

The defendants were properly served pursuant to RSA 510: 4 (Supp. 1975) and made a special appearance on the September 1974 return day. The plaintiff's counsel, however, did not file the writ with the clerk of court on the return day as required by RSA 496:2. In fact, he did not enter the writ nor pay the court entry fees until February 25, 1976, nearly eighteen months later. At that time he also filed a motion for late entry. After a hearing on the matter, *Johnson*, J., denied the motion, and the plaintiff appealed. All questions of law were reserved and transferred to this court.

The superior court is empowered to allow the late entry of any writ, process or appeal. RSA 496:2. The question is whether the court properly refused to do so in this case. The preface to the Superior Court Rules states that "[r]elief from failure to comply with the provisions of any rule may be granted on such terms as the court may order, where, due to accident, mistake or misfortune and not through neglect, justice so requires." RSA 491:App. Preface (Supp. 1975). Other statutes similarly excuse noncompliance with procedural requirements because of accident, mistake or misfortune. *E.g.*, RSA 567-A:5 (Supp. 1975); RSA 281:42; RSA 74:8. Recently we stated: "The words 'accident, mistake or misfortune' ' "ordinarily import something outside of the petitioner's own control, or at least something which a reasonably prudent man would not be expected to guard against or provide for." ' " *Pelham Plaza v. Pelham*, 117 N.H. 178, 370 A.2d 638 (1977).

In this case the plaintiff's counsel failed to enter the writ seasonably because of a clerical error which was caused by a change in personnel at his office. At the hearing, he stated "we obviously forgot about filing our Writ . . . ." A long line of New York cases holds that such excuses as loss or misplacement of files, changes in personnel and clerical errors are not permissible justifications for delinquency in filing or serving papers during the pleadings stage of litigation. *E.g.*, *Kahn v. Samson Management Corp.*, 44 App. Div. 2d 571, 353 N.Y.S.2d 227 (1974); *Bamford v. Kaunitz*, 37 App. Div. 2d 682, 322 N.Y.S.2d 838 (1971); *Nocella v. New York*, 18 App. Div. 2d 1015, 239 N.Y.S.2d 331 (1963); *Engle v. Yankee Realty Corp.*, 16 App. Div. 2d 811, 228 N.Y.S.2d 856 (1962).

 In our own cases we have often strictly adhered to deadlines and other procedural requirements and have denied relief to delinquent parties whose excuses for noncompliance were more meritorious than the excuses offered in the present case. *E.g.*, *Pelham Plaza v. Pelham*, 117 N.H. 178, 370 A.2d 638 (1977); *Timber-*

*lane Regional Educ. Ass'n v. Crompton,* 115 N.H. 616, 347 A.2d 612 (1975); *Alden v. Kimball,* 104 N.H. 454, 189 A.2d 494 (1963); *Sullivan v. Indian Head Nat'l Bank,* 99 N.H. 262, 109 A.2d 572 (1954). A client whose attorney negligently fails to prosecute a civil claim in a timely fashion is generally denied relief from the consequences of his attorney's neglect. Mazor, *Power and Responsibility in The Attorney-Client Relation,* 20 Stan. L. Rev. 1120, 1125 (1968). We hold that the trial court could find that inexcusable neglect accounted for the late entry. Accordingly, under the preface to the Superior Court Rules, the superior court properly denied relief.

There was some discussion in oral argument, although not in the briefs, as to whether the plaintiff could bring a second suit under RSA 508:10 in the event that we sustained the denial of the motion for late entry. The question is not actually before us, and the answer to it is not readily apparent to us at this time. Under these circumstances, a decision would not be proper unless and until such time as the plaintiff actually files a second suit and the parties give the superior court an opportunity to decide the question.

*Plaintiff's exception overruled.*

GRIMES, J., dissented; the others concurred.