Grafton
No. 81-387

FOME ASSOCIATES

v.

CHESTER A. PALMER

December 8, 1982

*Baker, Laney & Hayes*, of Lebanon (*Robert B. Laney* on the brief, and *James R. Laffan* orally), for the plaintiff.

*Decato & Cirone P.A.*, of Lebanon (*R. Peter Decato* on the brief and orally), for the defendant.

Bois, J.   The defendant appeals from a Superior Court (*Dalianis*, J.) decision granting the plaintiff's motion to allow late entry of its writ. We reverse.

In March 1981, the plaintiff, Fome Associates, brought an action in assumpsit, alleging that the defendant, Chester A. Palmer, had breached the parties' contract for the lease of computer equipment. A writ of summons dated March 17, 1981, was served on the defendant, who entered an appearance shortly thereafter. The original writ was returned to the plaintiff's counsel but was lost sometime prior to April 21, 1981. Counsel for the plaintiff failed to return the writ to the court before May 5, 1981, the mandatory return date pursuant to RSA 496:2 (repealed by Laws 1981, 328:3; relevant provisions continued in effect by Sup. Ct. Admin. Order 81-1A). On June 3, 1981, approximately one month after the return date, the plaintiff's counsel filed a motion for late entry. The trial court granted this motion, as well as a motion, filed by the plaintiff, for summary judgment. The defendant now contests these rulings.

Although the superior court has discretion to allow late entry of any writ, process, or appeal, such discretion is not unlimited. *See Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284 (1977). The preface to the Superior Court Rules states that "[r]elief from failure to comply with the provisions of any rule may be granted on such terms as the court may order, where, due to accident, mistake or misfortune *and not through neglect*, justice so requires." (Emphasis added.)

We have repeatedly held that the words "accident, mistake or misfortune" import something that is outside the expectation or control of the petitioner or his attorney. *Brady v. Duran*, 117 N.H. at 276, 372 A.2d at 284; *Alden v. Kimball*, 104 N.H. 454, 456, 189 A.2d 494, 496 (1963); *Sullivan v. Bank*, 99 N.H. 262, 263–64, 109 A.2d 572, 573 (1954). We have also strictly adhered to deadlines and other procedural requirements unless a strong basis existed to support the granting of a waiver. *Hodgdon v. Weeks Mem. Hosp.*, 122 N.H. 424,

426, 445 A.2d 1116, 1118 (1982). The granting of late entry therefore is not generally permissible in situations involving clerical error or neglect on the part of counsel. *Brady v. Duran*, 117 N.H. at 276–77, 372 A.2d at 284–85.

While a trial court's finding of accident, mistake or misfortune is a finding of fact which is normally conclusive upon this court, such a finding must be supported by the evidence. *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982). The record in this case shows that the plaintiff's attorney knew, at least two weeks prior to the return date, that the writ had been lost. Although he conducted a search for the writ, the record indicates that he inexplicably failed to take any action to produce or obtain a copy of the writ until six weeks later, which was some four weeks after the return date.

We find no evidence in the record to support the trial court's implicit finding that the failure to file the original writ or a copy within the deadline required by the statute was the result of "accident, mistake or misfortune." On the contrary, the record shows that the noncompliance with the filing requirement was the result of neglect. As a consequence, we hold that the trial court erred in granting the plaintiff's motion for late entry.

*Reversed.*

All concurred.