Strafford
No. 84-231

EDWARD RYAN

v.

PERINI POWER CONSTRUCTORS, INC.
AND
COMMERCIAL UNION INSURANCE COMPANIES

February 22, 1985

*Shaheen, Cappiello, Stein & Gordon P.A.*, of Dover (*William H. Shaheen* and *Dorothy M. Bickford* on the brief, and *Ms. Bickford* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendants.

BATCHELDER, J. This is an interlocutory appeal from a ruling of the Superior Court (*Contas*, J.) denying defendants' motion to dismiss. We affirm.

The plaintiff, Edward Ryan, was an employee of the defendant Perini Power Constructors, Inc. The defendant Commercial Union Insurance Companies is the workers' compensation insurance carrier for Perini. On January 24, 1983, Ryan allegedly sustained a work-related injury to his neck, for which he began collecting workers' compensation benefits. At the request of the insurer, the New Hampshire Department of Labor held a hearing on July 19, 1983, to determine the extent of the plaintiff's alleged disability. On August 18, 1983, the labor department authorized a termination of benefits. By letter dated August 30, 1983, Ryan's attorney requested a rehearing. On September 6, 1983, Ann B. Crane, director of the workers' compensation division of the New Hampshire Department of Labor, wrote to Ryan's attorney as follows:

> "In reference to your letter of August 30, 1983 regarding the above case, be advised that inasmuch as a hearing was held in the Department on July 19, 1983 with a decision rendered August 18, 1983, I would suggest that you pursue the issue before the Superior Court."

Not until November 3, 1983, did Ryan's counsel petition for an appeal of the decision to the superior court. *See* RSA 281:42. After a hearing without a record, defendants' motion to dismiss for failure of the plaintiff to file a timely appeal was denied.

The question on appeal is whether the trial court abused its discretion in denying the motion to dismiss. The court ruled that the plaintiff had relied on the labor department's custom and practice as to notification of the denial of motions for reconsideration and that, because the department's custom was not followed in this case, the plaintiff was not adequately notified of the department's denial of his motion. Consequently, the court ruled, the plaintiff's untimely appeal was occasioned by accident, mistake or misfortune, and not by neglect. *See* RSA 281:42; *Fome Associates v. Palmer*, 122 N.H. 985, 986, 453 A.2d 1274, 1275 (1982).

The words "accident, mistake or misfortune" import something outside the control of the petitioner or his attorney, and will not generally excuse neglect on the part of counsel. *Id.* at 986–87, 453 A.2d at 1275 (citing *Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284 (1977)). Our review of the superior court's decision is limited in that we will not substitute our judgment for that of the trial court unless the findings and rulings "'are unsupported by the evidence or are erroneous as a matter of law.'" *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982) (quoting *Gauthier v. Robinson*, 122 N.H. 365, 369, 444 A.2d 564, 566 (1982)). A trial court's finding of accident, mistake or misfortune is a factual determination which, in the absence of a transcript, is deemed to have been supported by the record and leaves only the question of an error of law to be resolved by this court. *Cote v. Cote*, 123 N.H. 376, 377–78, 461 A.2d 566, 567 (1983); *Koziell v. Fairbanks*, 115 N.H. 679, 681, 348 A.2d 358, 359–60 (1975).

The trial court, within its discretion, could properly have determined that the letter of Ann B. Crane dated September 6, 1983, was not the customary means by which the department denied motions for rehearing. Crane's letter, while referencing Ryan's attorney's August 30, 1983, letter, does not state any action regarding reconsideration by the agency with sufficient specificity to place Ryan's attorney on notice that the motion was denied. As a result, the trial court properly ruled that the plaintiff's failure to appeal in a timely way was not the product of the attorney's neglect, but was, rather, a result of accident, mistake or misfortune.

*Affirmed.*

All concurred.