Huddleston v. Demo                    CV-97-188-SD 12/18/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Mark Huddleston

        v.                                  Civil No. 97-188-SD

Steven P. Demo;
State of New Hampshire;
Unknown Parties of the State


                    **O R D E R**


    Plaintiff Mark Huddleston instituted this case claiming

damages under 42 U.S.C. § 1983 and various tort theories in

Rockingham County Superior Court.  Defendant Steven Demo

subsequently removed the case from state court to this court.

Presently before the court are defendant State of New Hampshire's

motion to dismiss and defendant Demo's motion to dismiss.

Huddleston has not filed an objection to either motion.


                    Background

    Huddleston initiated this action by writ of summons dated

February 3, 1997.  The writ was served upon the New Hampshire

Attorney General on February 5, 1997, and bore a return date of

the first Tuesday of April 1997.  According to the clerk of

court's certification of the record, however, Huddleston failed

to file the writ with the clerk of the Rockingham County Superior

Court.

Huddleston's complaint alleges that Demo, who was a Portsmouth police officer assigned to the New Hampshire Attorney General's Drug Task Force, used false information to obtain a search warrant. Huddleston and several co-defendants were charged with criminal drug offenses. The other defendants pled guilty, but Huddleston was found not guilty by a jury. Huddleston claims that the execution of the search warrant and his subsequent arrest amounted to an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. Huddleston also charges the defendants with negligence, false imprisonment, and battery.

## Discussion

Demo argues that the court must dismiss the case because Huddleston failed to enter the writ of summons by the return day. According to New Hampshire Superior Court Rule 3, "no . . . action shall be entered after the day following the return day named in the writ. . . ."[*] Thus, Demo contends, the case was not properly initiated and the plaintiff cannot proceed.

According to the New Hampshire Supreme Court, dismissal of

---

[*]Although the Federal Rules of Civil Procedure govern removed actions after removal from the state court, state procedural rules control prior to removal. Thus the court must apply New Hampshire rules to determine whether this case was initiated properly. See Rule 81(c), Fed. R. Civ. P.

2

the action is appropriate when the plaintiff fails to enter the writ. See Brady v. Duran, 117 N.H. 275, 276, 372 A.2d 283, 284 (1977). However, the court is empowered to grant exceptions "where, due to accident, mistake or misfortune and not through neglect, justice so requires." N.H. Super. Ct. R. Preface. The New Hampshire Court has held repeatedly that the courts should only grant such exceptions when the failure to adhere to the rule was caused by "something . . . outside the expectation or control of the petitioner or his attorney." Fome Assoc. v. Palmer, 122 N.H. 985, 986, 453 A.2d 1274, 1275 (1982). The New Hampshire Court supports strict adherence "to deadlines and other procedural requirements unless a strong basis exist[s] to support the granting of a waiver." Id.

In this case, Huddleston, who has failed to oppose the motion to dismiss, has not provided any excuse for his failure to enter the writ. Thus the court must dismiss Huddleston's case. Although this may seem a harsh sanction to impose on a pro se litigant for a technical error, the court notes that the dismissal is not as harsh as it may appear because it does not constitute a judgment on the merits. See Berg v. Kelley, 134 N.H. 255, 258-59, 590 A.2d 621, 622 (1991). Furthermore, the New Hampshire courts require "those appearing pro se . . . to abide by . . . the same rules of procedure as . . . those with counsel.

3

. . ." <u>In Re Brewster</u>, 115 N.H. 636, 638, 351 A.2d 889, 890 (1975).

The court also notes that even if Huddleston had initiated this case properly, the court would have to dismiss the claims against the state. It is settled law that a state is not a person amenable to suit under section 1983. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Thus Huddleston's section 1983 count against the state fails to state a claim upon which relief may be granted.

Furthermore, it is clear that the Eleventh Amendment forbids this court from entertaining a private suit for monetary damages against the state in the absence of an explicit waiver by the state or abrogation by Congress. <u>See</u> <u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 98 (1984). According to the terms of New Hampshire's tort claims act, the state may only be sued before the Board of Claims or New Hampshire Superior Court. <u>See</u> New Hampshire Revised Statutes Annotated (RSA) 541-B:9. Therefore, this court could not exercise jurisdiction over Huddleston's tort claims against the state.

Conclusion

For the abovementioned reasons, plaintiff's claims against all defendants must be and herewith are dismissed.

4

        SO ORDERED.


                                        _____
                                        Shane Devine, Senior Judge
                                        United States District Court
December 18, 1997
cc:    Mark Huddleston, pro se
       William G. Scott, Esq.
       Martha A. Moore, Esq.