Compensation Appeals Board
No. 96-651

APPEAL OF SHARON DEMERITT

(New Hampshire Compensation Appeals Board)

May 22, 1998

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Matthew B. Cox* on the brief and orally), for the claimant, Sharon Demeritt.

*Devine & Nyquist*, of Manchester (*Corey Belobrow* on the brief and orally), for Textron Automotive Interiors and Fireman's Fund Insurance Company.

BRODERICK, J. The claimant, Sharon Demeritt, appeals the decision of the New Hampshire Compensation Appeals Board (board) denying her claim for workers' compensation benefits against her former employer, Textron Automotive Interiors (f/k/a Davidson Rubber Company) (Textron), and its insurer, Fireman's Fund Insurance Company (Fireman's Fund). We affirm.

In 1981, the claimant worked for Textron for nearly four months. Her duties included cementing and stapling carpet and other materials to automobile door panels. In the course of her employment, the claimant suffered a laceration to her left wrist and "triggering" of a finger on her right hand. Shortly thereafter, the claimant underwent surgery to repair her injured finger. After receiving workers' compensation benefits for a brief period, the claimant collected a lump sum settlement from Textron and Fireman's Fund.

After leaving Textron in 1981, the claimant held various positions through 1988, including material stitcher, machinist, custodian, shipper, and bookkeeper, during which time she received periodic

treatment for symptoms in her hands, arms, and shoulders. In 1988, the claimant began working for Moore Business Forms (Moore) as an electrical assembler and experienced finger, wrist, arm, and shoulder pain while performing her duties. As a result, she received workers' compensation benefits from Moore's insurance provider.

In August 1990, the claimant went to work for Urban Tree Service (Urban Tree) as an office manager, which required her to perform extensive data entry. While so employed, the claimant suffered symptoms in her hands, arms, elbows, and shoulders. Finally, in March 1992, she filed a workers' compensation claim for certain medical treatment, asserting that her injury initially occurred at Moore but symptoms continued while at Urban Tree. After an evidentiary hearing, a department of labor hearing officer denied her claim against both employers, concluding that Textron and Fireman's Fund were responsible for her claim because she suffered "the same unstabilized condition" with recurring symptoms since leaving Textron's employ in 1981. The claimant took no appeal from this ruling.

Subsequently, the claimant sought workers' compensation benefits from Textron and Fireman's Fund. Following an evidentiary hearing, a different hearing officer denied her claim in May 1995. Contrary to the 1992 decision, the hearing officer ruled that the claimant "failed to show any logical connection between her current bilateral upper extremity symptoms . . . and the brief employment with [Textron] in 1981." In addition, the hearing officer noted that the claimant's failure to appeal the 1992 decision appeared to foreclose potential liability against Moore and Urban Tree.

The claimant appealed the May 1995 decision to the board, which conducted a *de novo* hearing. The claimant submitted medical reports from her two treating physicians, which were the only medical opinions provided to the board. One physician opined that "the injuries which [the claimant] originally sustained in 1981 have been flared-up by work activity at other employers over the past 14 years" and her "symptoms have never completely resolved since 1981." The other physician also related her ongoing symptoms to her 1981 injury. In July 1996, the board denied her claim against Textron, concluding that Textron bore no responsibility since it was "not the most recent employer that exposed the claimant to cumulative trauma."

On appeal, the claimant argues that the board erred as a matter of law by: (1) disregarding the unchallenged opinions of her treating physicians, which relate her present ailments to her 1981

injury at Textron; and (2) denying compensation and thereby failing to remedy the inconsistency among the 1992, 1995, and 1996 decisions. We will not disturb the board's decision absent an error of law, or unless by a clear preponderance of the evidence we find it to be unjust or unreasonable. RSA 541:13 (1997).

I

The claimant first argues that the board erred as a matter of law by disregarding the opinions of her treating physicians and relying upon its own lay opinion to determine medical causation. Essentially, she claims that the board was compelled to adopt the expert opinions of her witnesses because there was no contradictory medical evidence. We disagree.

■ "Medical causation is a matter properly within the province of medical experts, and the board is required to base its findings on this issue upon the medical evidence rather than solely upon its own lay opinion." *Appeal of Kehoe*, 141 N.H. 412, 417, 686 A.2d 749, 753 (1996) (quotation and brackets omitted). Contrary to the claimant's argument here, however, workers' compensation benefits are not mandated for every claimant who presents uncontroverted medical testimony on the issue of causation. *Id.* at 419, 686 A.2d at 754; *see Town of Hudson v. Wynott*, 128 N.H. 478, 486, 522 A.2d 974, 978 (1986). "[T]he board is entitled to ignore uncontradicted medical testimony, [but] must identify the competing evidence or the considerations supporting its decision to do so." *Kehoe*, 141 N.H. at 418-19, 686 A.2d at 754.

■ After a careful review of the record, we hold that the board did not err as a matter of law in rejecting the opinions of the claimant's treating physicians, nor did it improperly substitute its own opinion. In evaluating expert medical testimony, the board is entitled to rely upon underlying or competing medical records provided that the board is not required to use medical expertise to interpret them. *Cf. Appeal of Briggs*, 138 N.H. 623, 629, 645 A.2d 655, 659 (1994) (board erroneously relied solely upon claimant's work performance and lack of absenteeism to determine medical causation and did not cite medical evidence as support).

Here, the board detailed the claimant's medical history as recorded by her treating physicians. The records clearly document ongoing instances after 1981 demonstrating that the claimant suffered from medical ailments and symptoms associated with her most recent work activity. Medical expertise is not required to

interpret these references. Thus, the board was within its authority in light of these records to conclude that the claimant failed to prove that Textron was responsible for her medical expenses. *See id.* at 631, 645 A.2d at 661 (most recent employer exposing claimant to cumulative trauma is responsible for resulting disability). Accordingly, the board, in the exercise of its discretion, did not commit error by disregarding the ultimate opinions offered by the claimant's treating physicians.

## II

The claimant next argues that the board erred as a matter of law in denying compensation where the inconsistency among the 1992, 1995, and 1996 decisions is inherently unfair. She asserts that in each decision her condition was found to be causally work-related but benefits were denied because the cause of her condition was attributed to a non-party employer. This manifest inequity, she claims, dictates reversal of the board's 1996 decision. We are not so persuaded.

The claimant is not without responsibility for the seemingly harsh result caused by the allegedly inconsistent decisions. Her 1992 workers' compensation claim identified only Moore and Urban Tree and did not name Textron as a potential responsible party. The hearing officer denied her claim, indicating that Textron was responsible for her condition. The claimant did not appeal this adverse ruling but, instead, pursued a petition against Textron. On appeal, she attempts to minimize her responsibility for her present predicament by explaining her actions as those of a "lay person" who was not represented by counsel until the 1995 hearing before the board. *Pro se* litigants, however, are bound by the same procedural rules that govern parties represented by counsel. *See In re Brewster*, 115 N.H. 636, 638, 351 A.2d 889, 890 (1975). Moreover, the hearing officer's identification of Textron as the probable responsible employer for the claimant's continuing medical treatment was in no way binding because, as the claimant concedes, Textron was not a responding party at the 1992 hearing. Accordingly, the claimant's circumstances, although unfortunate, do not justify reversal.

*Affirmed.*

All concurred.