Compensation Appeals Board
No. 97-620

APPEAL OF JESSICA WALKER

(New Hampshire Compensation Appeals Board)

September 8, 1999

*Mullaney & Richardson, P.A.*, of Rochester (*John G. Richardson* on the brief and orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *Richard P. McCaffrey* on the brief, and *Mr. McCaffrey* orally), for the respondent, Newick's Lobster House, Inc.

BRODERICK, J. The petitioner, Jessica Walker, appeals the decision of the New Hampshire Compensation Appeals Board (board) denying her claim for workers' compensation benefits. On appeal, the petitioner argues that (1) the board's decision was contrary to the weight of the evidence, and (2) the board erred if it concluded that a preexisting condition was the cause of her back complaints and resulting surgery. We vacate and remand.

In June 1993, the petitioner allegedly injured her back when she slipped and fell on a wet floor while working as a waitress for the respondent, Newick's Lobster House, Inc. She apparently landed first on her head and then on her back and buttocks. She was treated by numerous physicians for complaints relating to her upper body and back. The petitioner alleges that the pain to her upper body was more severe during the first few months following the accident, and that as the pain to her upper body subsided, the pain in her low back became more intense and debilitating.

The respondent voluntarily paid the petitioner temporary total disability benefits for her head and neck injuries but denied benefits for her back injury. The department of labor hearing officer ruled that the petitioner failed to prove that her back problems were causally related to her 1993 work injury. At a later hearing, the hearing officer ruled that the petitioner's head and neck injuries were not disabling and terminated her benefits. The petitioner appealed the decision concerning her back injury to the board, which denied her claim. The petitioner's motion for rehearing was denied, and this appeal followed.

## I

We first consider the petitioner's argument that the board's decision constituted reversible error because it was against the weight of the evidence. "We will not disturb the board's decision absent an error of law, or unless by a clear preponderance of the evidence we find it to be unjust or unreasonable." *Appeal of Demeritt*, 142 N.H. 807, 810, 713 A.2d 378, 380 (1998); *see* RSA 541:13 (1997).

 To make out a claim for workers' compensation benefits, the petitioner must prove both legal and medical causation by a preponderance of the evidence. *See Appeal of Kehoe*, 141 N.H. 412, 416, 686 A.2d 749, 752 (1996). "Legal causation entails a showing that the [petitioner's] injury is in some way work-related, while medical causation requires a showing that the injury was actually caused by the work-related event or condition." *Id.* Because the board did not make clear whether it rejected the petitioner's claim for back injuries on the basis of legal or medical causation, we address whether the board's order is sufficient on either ground. We review legal causation first.

"The legal causation test defines the degree of exertion that is necessary to make the injury work-connected. The test to be used depends upon the previous health of the employee." *Id.* (citation and quotations omitted). "Where there is no preexisting condition, any work-related activity connected with the injury as a matter of medical fact would be sufficient to show legal causation." *Id.* (emphasis omitted).

Although the petitioner testified that she injured her back in 1986 and again in 1988, she stated that those injuries had resolved by 1989 and that she did not have any significant back problems prior to her 1993 fall. The petitioner also submitted several medical reports and records relating her back problems to the claimed work event. In fact, Dr. Roy Hepner, an orthopedic surgeon, observed, "It is notable that the [petitioner] had a previous history of mid back pain *entirely different* from the symptoms she developed in association with her [1993] fall." (Emphasis added.)

In denying her claim, the board found that "[t]here is very little reference to low back pain in all of the medical report[s] prior to January, 1994," and that a medical "report of January 27, 1994, indicates the low back pain to be very recent." The board also mentioned that "Dr. Hepner's notes indicate back problems in 1987, 1988 and 1989." The board expressly relied on the opinion of Dr. Thomas Kleeman, a medical expert who reviewed only the petition-

er's medical records, in ruling that the petitioner "failed to meet her burden of proof that her low back pain and subsequent spinal fusion are causally related to her work injury of June 21, 1993."

■ Assuming the board determined that the petitioner failed to establish legal causation, we cannot discern from the board's order the facts upon which it relied for this determination. Nowhere does the board say or intimate that the petitioner was not credible or that it disbelieved her testimony. *See Appeal of Gamas,* 138 N.H. 487, 490-91, 642 A.2d 925, 927 (1994). Moreover, the board does not indicate that prior back problems had any bearing on its conclusion regarding the claimed 1993 injury. Indeed, the respondent does not challenge Dr. Hepner's opinion that the petitioner's prior back problems did not relate to her claimed injury. While the board may reconcile conflicting evidence, *see id.,* or disbelieve unrefuted evidence, *see Appeal of Barrington Educ. Ass'n,* 121 N.H. 949, 953-54, 437 A.2d 718, 721 (1981), we are unable to intelligently review its decision when it does not provide an adequate basis for its conclusions. *See* RSA 541-A:35 (1997); *cf. Foote v. State Personnel Comm'n,* 116 N.H. 145, 148, 355 A.2d 412, 414 (1976), *appeal after remand,* 118 N.H. 640, 392 A.2d 156 (1978). Accordingly, we remand the issue of legal causation to the board so it can make appropriate factual findings.

■ As for medical causation, the petitioner must establish "that the work-related activities probably caused or contributed to [her] disabling injury as a matter of medical fact." *Kehoe,* 141 N.H. at 417, 686 A.2d at 752-53 (quotation, emphasis, and brackets omitted). "Medical causation is a matter properly within the province of medical experts." *Demeritt,* 142 N.H. at 810, 713 A.2d at 380 (quotation omitted). The board is entitled to rely on a medical opinion based exclusively on a review of the claimant's medical records if the opinion provides sufficient support for the board's decision. *See Appeal of Commercial Union Ins. Co.,* 140 N.H. 429, 431, 433-34, 666 A.2d 987, 989, 991 (1995).

The board expressly relied on the opinion of Dr. Kleeman in concluding that the petitioner's back injury was not causally related to the 1993 work event. Dr. Kleeman wrote in his report: "The passing of some six to seven months between the injury and the onset of the back pain clearly separates the back pain from the injury in terms of causality." Dr. Kleeman's opinion was based on his assessment that the petitioner did not complain of back pain until January 1994, about seven months after the alleged injury occurred. He stated, "[T]here was no mention of back pain at the time of the

injury, and other than on[e] transient complaint . . . to the physical therapist there is no other mention of any back pain in therapist or doctors' notes" prior to January 1994.

At the hearing, however, the petitioner testified that she did in fact complain of back pain prior to January 1994. Indeed, the board noted in its order that the first report of injury, the day the alleged accident occurred, indicated that the petitioner had "back" complaints. The petitioner testified that she informed the hospital emergency department that day that her "back regions hurt," and the respondent concedes that the June 1993 emergency room record states in part, "Low-back show[s] some mild tenderness." The petitioner also testified that she mentioned low back pain to Dr. Blackwood in June 1993, to her massage therapist in October 1993, and to Dr. Usher in December 1993. Further, the respondent acknowledges that physical therapy notes reference low back pain during four sessions in 1993. Finally, the petitioner testified that her "back got really bad" around "December . . . beginning of January [1994]," after which she persistently complained of low back pain to her doctors.

■ Again, the board does not say or intimate that the petitioner was not credible. *See Gamas*, 138 N.H. at 490-91, 642 A.2d at 927. Nor does the board state that it disbelieved the evidence in the first report of injury, which it cited in its decision. Moreover, the board does not indicate which portions of Dr. Kleeman's report it adopted in denying the petitioner's claim, even though certain portions of Dr. Kleeman's report appear at odds with the undisputed record. Without such factual findings, we cannot determine whether the board acted reasonably in its apparent ruling that the petitioner failed to establish medical causation. Accordingly, we remand the issue of medical causation to the board so it can make appropriate factual findings.

## II

We next address the petitioner's argument that the board erred if it concluded that a preexisting condition was the cause of the petitioner's back complaints and resulting surgery. Contrary to the respondent's contention, the petitioner has advanced no claim that the alleged work injury was in fact an aggravation of any preexisting condition. The board mentioned that "Dr. Hepner's notes indicate back problems in 1987, 1988 and 1989," but its order does not indicate that prior back problems had any bearing on its conclusion regarding the claimed 1993 injury. To the extent the

board concluded that a preexisting condition was the cause of the petitioner's back complaints and resulting surgery, we remand for it. to make appropriate findings of fact to support its decision on remand. *See Appeal of Lambrou*, 136 N.H. 18, 21, 609 A.2d 754, 756 (1992).

*Vacated and remanded.*

All concurred.