# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0655, <u>Appeal of Epoch Corporation</u>, the court on March 29, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, we conclude that a formal written opinion is unnecessary in this case. Epoch Corporation, New Hampshire Employers Insurance Company, and their third party administrator, The Lawson Group (collectively, "the employer"), appeal an order of the New Hampshire Compensation Appeals Board (board) affirming the denial of their claim for reimbursement from the second injury fund, <u>see</u> RSA 281-A:54 (2010); RSA 281-A:55 (Supp. 2017), for an injury sustained by the employee. The employer argues that the board erred by: (1) endorsing a policy of denying reimbursement from the fund for all claims based on a hernia injury; (2) ruling on issues not raised in the fund's denial of the employer's claim; (3) denying its claim based on the board's conflation of two separate definitions of "permanent impairment" found in the worker's compensation statutes; and (4) rejecting uncontroverted medical opinion evidence. We affirm.

The following facts are drawn from the proposed findings of fact agreed to by the parties and adopted by the board. On August 13, 2013, the employee injured himself in the course of his employment by lifting heavy doors and lumber. He was subsequently diagnosed with an inguinal hernia. After surgical repair of the hernia in September 2013, he returned to work but continued to suffer from pain. He consulted with a physician who recommended that he cease working. Subsequent examinations by physicians and a CT scan and MRI revealed no evidence of an inguinal hernia. Two physicians opined that the hernia surgery was successful and that there was "probably nerve damage from the inguinal hernia repair." (Quotation omitted.)

In June 2015, the employer submitted an application for reimbursement from the second injury fund. After its application was denied by the workers' compensation special funds coordinator, the employer appealed to the board. Following a hearing, the board denied the employer's request for second injury fund benefits. This appeal followed.

Our standard of review of the board's decisions is established by statute. <u>Appeal of Hartford Ins. Co.</u>, 162 N.H. 91, 92 (2011); <u>see</u> RSA 281-A:43, I(c) (2010) (any party aggrieved by decision of compensation appeals board may appeal to supreme court pursuant to RSA chapter 541). On appeal, all findings of the board upon all questions of fact properly before it are deemed to be <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13 (2007). The order or decision appealed from shall not be set aside or vacated except for errors of law, unless we conclude, by

a clear preponderance of the evidence in the record, that such order is unjust or unreasonable.  Id.  Accordingly, our review of the board's factual findings is deferential.  Hartford Ins. Co., 162 N.H. at 93.  Our review of its interpretation of statutes, however, is de novo.  Id.

We note at the outset that the record before us does not contain a transcript of the hearing before the board.  See, e.g., Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (burden on appealing party to provide record sufficient to decide issues it has raised on appeal).

Before addressing the employer's specific challenges to the board's order, we begin with an overview of the second injury fund.  The fund was created to encourage employers to hire or retain employees with permanent physical or mental impairments of any origin by reducing the employer's liability for workers' compensation claims.  Appeal of CNA Ins. Cos., 143 N.H. 270, 272-73 (1998).  RSA 281-A:54, I, provides in relevant part:

> If an employee who has a permanent physical or mental impairment, as defined in RSA 281-A:2, XIV, from any cause or origin incurs a subsequent disability by injury arising out of and in the course of such employee's employment on or after July 1, 1975, which results in compensation liability for a disability that is greater by reason of the combined effects of the preexisting impairment than that which would have resulted from the subsequent injury alone, the employer or the employer's insurance carrier shall in the first instance pay all awards of compensation provided by this chapter.  However, the commissioner shall reimburse such employer or insurance carrier from the special fund created by RSA 281-A:55 for all compensation payments subsequent to those payable for the first 104 weeks of disability.

RSA 281-A:54, I (emphasis added).  RSA 281-A:2, XIV (2010) provides the following definition to be used for the term "permanent physical or mental impairment" when construing RSA 281-A:54: "any permanent condition that is congenital or due to injury or disease and that is of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining employment if the employee should become unemployed."  To qualify for reimbursement from the fund, an employer must "establish by written records, or by affidavit executed at the time of hire or retention in employment, that the employer had knowledge of the employee's permanent physical or mental impairment at the time that the employee was hired or at the time that the employee was retained in employment after the employer acquired such knowledge."  RSA 281-A:54, III.

The employer first argues that the administrators of the second injury fund have a "policy of automatically disqualifying all claims where the pre-existing condition is a hernia," and that the board erred when it failed to rule

2

that this alleged policy violated RSA 281-A:54.  The fund disputes this assertion and represents that "[w]here evidence is presented that a hernia was either not repairable surgically or otherwise constituted a permanent condition, the Fund would consider a claim on its merits consistent with RSA 281-A:54, I."  The fund also observes that whether the board addressed an alleged administrative review policy did not affect its analysis of the employer's claim because, in its de novo review, it correctly applied the law to the specific claim before it.

In its decision, the board observed that it was conducting a de novo review.  After adopting proposed findings of fact to which the parties agreed, and reviewing the record before it, the board concluded that the employer had failed to "meet its burden of proof of proving permanency or written knowledge of permanency prior to subsequent period of disability which [the employer] argues started on September 18, 2013 following the hernia repair."  The limited record before us supports the board's conclusion.  As the board observed in its order addressing the employer's motion for rehearing and reconsideration, whether the fund had "a 'hernia policy' is irrelevant because the case was heard de novo based on the facts in this particular case" and because the employer's application for second injury fund benefits had been denied on three separate grounds.

The employer also argues that the board erred by reviewing the employer's "entire Second Injury Fund application when [the board's] jurisdiction was limited only to the issues addressed at the first level hearing."  The fund administrator cited three reasons for denying the employer's application for reimbursement from the fund: (1) the employer failed to establish that its employee had a permanent physical or mental impairment; (2) the employer failed to submit written records or an affidavit that established that it had knowledge of any permanent impairment prior to August 13, 2013; and (3) the employer failed to establish that the employee's "subsequent disability by injury resulted in a compensation liability for a disability that is greater by reason of the combined effects of the preexisting impairment than that which would have resulted from the subsequent injury alone."  Each of these reasons was followed by the statement: "Hernias are not permanent conditions."

The employer concedes that the administrator's written denial identified three criteria that its application failed to satisfy but argues that the only reason given for the administrator's conclusion was the statement that hernias are not permanent conditions.  Accordingly, the employer argues, the only issue before the board was whether hernias are not permanent conditions.  We disagree.

The notice of the hearing before the board identified the issue as: "RSA 281-A:54 Second Injury Fund Eligibility."  The employer submitted an extensive evidentiary packet that documented the employee's history of medical

treatment.  See N.H. Admin. Rules, Lab 205.09(a) (unless otherwise agreed at prehearing conference, appealing party is responsible for compiling all documentary evidence to be considered by compensation appeals board).  The employer also agreed that the board should adopt the following proposed finding of fact:

> 22. By letter dated April 6, 2016, the Fund denied the application for reimbursement that had been submitted by [the employer].  The denial was based on the Fund's assessment that [the employer]: (1) failed to establish that [the employee]'s hernia constituted a permanent physical or mental impairment as defined by RSA 281-A:2, XIV; (2) failed to meet the written records requirement of RSA 281-A:54, III; and (3) failed to establish that [the employee]'s subsequent disability by injury was greater by reason of the combined effects of a preexisting permanent impairment and the subsequent injury.

Based on this record, we conclude that the employer had notice that the issue before the board was whether it had satisfied the criteria for reimbursement from the second injury fund and that the board did not err in considering this issue.

The employer also argues that, even if the board had jurisdiction to review its second injury fund application, the board applied an incorrect definition of "permanent impairment."  The employer argues that because, in its decision, the board cited a form that was developed to address awards for permanent bodily loss, see RSA 281-A:32 (2010), it necessarily applied an incorrect standard to evaluate the employer's application for reimbursement from the second injury fund.  We note that the employer submitted the form to the board as part of its evidentiary packet.

Both the employer and the fund agree that the applicable definition of "permanent physical or mental impairment" imposes three requirements: the condition must be (1) permanent; (2) congenital or due to injury or disease; and (3) "of such seriousness as to constitute a hindrance or obstacle to obtaining employment." RSA 281-A:2, XIV.  In its order addressing the employer's motion for rehearing and reconsideration, the board addressed this issue, stating that it "in no way is suggesting that [the employer] needs to prove a permanent impairment under RSA 281-A:32," but rather that the employer "is only required to demonstrate knowledge of a RSA 281-A:2, XIV permanent condition and the employer did not prove that in this case." The board explained that the completed form was but one piece of evidence that it reviewed and that its ultimate decision was based "on a review of all of the medical evidence."

The question before the board was whether the employee had any permanent physical or mental impairment, as defined in RSA 281-A:2, XIV, at

4

the time of his subsequent disability. See RSA 281-A:54, I. The board concluded that the employer failed to establish that the surgically repaired hernia constituted a permanent impairment at the time that the employee suffered his subsequent disability. This finding is supported by the record.

The employer also contends that the board "cited no competent evidence for rejecting Dr. Resnick's uncontroverted medical opinion that the [employee]'s unrepaired hernia constituted a permanent condition under RSA 281-A:54 and RSA 281-A:2 XIV." Our review of the record does not support this assertion.

In evaluating expert medical opinion evidence, the board can rely on underlying or competing medical records provided that it is not required to use medical expertise to interpret them. Appeal of Demeritt, 142 N.H. 807, 810 (1998). The board's order contains the following discussion of the record before it:

> [The employer] does submit a Second Injury Fund Certification by a physician (Exhibit Q-Tab 3 of the evidentiary packet). Dr. Resnick did not examine the [employee] and did not issue a written report regarding his findings. The Panel has no knowledge of what specific records were referred to or reviewed by Dr. Resnick. The Panel finds that the Certification by Dr. Resnick is not persuasive and [it] is rejected by the Panel. To the extent that [the employer] claims that the hernia, itself, created a permanent disability, the medical records indicate that the hernia was in fact repaired.

Contrary to the employer's assertion, this is not a case where the board "cited no competent evidence for rejecting Dr. Resnick's medical opinion." Rather, the board not only explained its reasoning but also cited medical records that were at odds with the form completed by Dr. Resnick. Indeed, the agreed statement of facts submitted to the board by the parties included that the employee was examined by a physician who found no evidence of recurrent hernia and that a subsequent CT scan and MRI also found no evidence of a hernia.

For all of the foregoing reasons, we affirm the decision of the board.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**

5