Compensation Appeals Board
No. 99-774

APPEAL OF PATRICK W. HOLLORAN

(New Hampshire Compensation Appeals Board)

November 14, 2001

*Fitzgerald & Sessler P.A.*, of Laconia (*Shawn E. Nichols* on the brief and orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*Timothy A. Gudas* on the brief and orally), for the respondent.

BROCK, C.J. The petitioner, Patrick W. Holloran, appeals a decision by the New Hampshire Compensation Appeals Board (board) holding that it lacks authority to assess an employer's workers' compensation insurance carrier for an employer's violation of RSA 281-A:25-a (1999). We reverse and remand.

The essential facts are not disputed. In September 1997, while working at Arrow Fire Protection Co., Inc. (Arrow), the petitioner sustained a work-related injury. The respondent, CNA Insurance Company (CNA), provided workers' compensation insurance to Arrow. As a result, the petitioner was awarded temporary total disability benefits from September 25, 1997 to January 8, 1998. Approximately one year after the date of the injury, the petitioner's doctor released the petitioner to "full-time, full-duty work." Thereafter, the petitioner requested that Arrow reinstate him to his former position. Arrow declined to reinstate the petitioner, claiming that his former position was no longer available due to downsizing.

A hearing was held on the issue of the petitioner's right to reinstatement. By that time, however, the petitioner had obtained a new job paying higher wages; accordingly, the hearing focused upon the petitioner's recovery of payments from the time Arrow refused to reinstate the petitioner until he began employment at his new job. The petitioner's claim fell under RSA 281-A:25-a, IV, which provides that "[t]he commissioner may assess employers in violation of this section all weekly wage benefits retroactive to the date the injured employee was eligible for reinstatement." The hearing officer found that the petitioner was entitled to reinstatement as of October 28, 1998. In light of this finding, the hearing officer ruled that Arrow was obligated to pay the petitioner's weekly wage

benefits retroactive from October 28, 1998, through January 3, 1999, and further directed that "[p]ayment of weekly compensation by [Arrow] to comply with this decision shall begin and/or continue as soon as possible after this decision's effective date."

The petitioner filed a limited appeal to the board, in which he sought a ruling that the employer's workers' compensation insurance carrier be responsible for making the payments directly to him. CNA moved to dismiss on the ground that RSA 281-A:25-a, IV provides no basis for imposing a payment obligation on the employer's insurance carrier. The board agreed, finding that "[t]here is nothing in the [statute] which permits a direct action against the insurance carrier for the employer's violation," and dismissed the appeal. Following the board's denial of the petitioner's motion for rehearing, the petitioner filed this appeal, arguing that the plain language of RSA 281-A:25-a, IV does permit a direct action against an insurance carrier for an employer's violation.

We will uphold the findings and rulings of the board unless they lack evidentiary support or are tainted by legal error. *See Appeal of Jackson*, 142 N.H. 204, 206 (1997); RSA 541:13 (1997). The appealing party bears the burden of demonstrating that the board's decision is unreasonable or unlawful. *See Jackson*, 142 N.H. at 206.

This court is the final arbiter of the meaning of a statute, as expressed in the words of the statute itself. We interpret statutes not in isolation, but in the context of the overall statutory scheme. Although we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein. *See Appeal of HCA Parkland Medical Ctr.*, 143 N.H. 92, 94 (1998). The express language of the Workers' Compensation Law determines the nature and extent of compensation available to the injured employee. *See Rooney v. Fireman's Fund Ins. Co.*, 138 N.H. 637, 638-39 (1994). When construing the Workers' Compensation Law, we give the broadest reasonable effect to its remedial purpose, resolving all reasonable doubts in favor of the injured worker. *See Appeal of Cote*, 139 N.H. 575, 578 (1995).

The Workers' Compensation Law was first enacted in 1911 "in recognition of the burdens, delays, inadequate relief and unequal protection of law inherent in common law remedies." *See McKay v. N.H. Compensation Appeals Bd.*, 143 N.H. 722, 725 (1999). "One . . . important [goal] of the act was to secure to the injured employee compensation by direct payments under certain fixed rules without a [lawsuit] . . . by a

procedure [both] simple and inexpensive. Accordingly, the act provides for no-fault liability with scheduled statutory compensation for work-related injuries and disabilities that affect earning capacity." *Id.* (brackets, citations and ellipses omitted). Under RSA 281-A:8 (1999), a worker covered by the workers' compensation statute is "conclusively presumed to have accepted the provisions of [the workers' compensation statute]," and "to have waived all rights of action whether at common law or by statute ... [a]gainst the employer or the employer's insurance carrier." RSA 281-A:8, I(a).

The petitioner's appeal focuses on the language of RSA 281-A:25-a, IV. The section states that "[t]he commissioner may assess employers in violation of this section all weekly wage benefits retroactive to the date the injured employee was eligible for reinstatement." The issue in this case is whether this language empowers the commissioner to assess both employers and insurance carriers, or only employers, for benefits due under this section.

The respondent argues that the plain language of RSA 281-A:25-a, IV is unambiguous in excluding insurance carriers from responsibility under the section. Because this section does not explicitly mention insurance carriers, the respondent believes that only employers can be held responsible for payments assessed under the section. We disagree. While the respondent is correct that RSA 281-A:25-a, IV does not explicitly mention insurance carriers, RSA 281-A:2, VIII (1999) defines "employer" under the Workers' Compensation Law, with respect to private employment, to "include the employer's insurance carrier" except where the context specifically indicates otherwise. *See* RSA 281-A:2, VIII(c). Upon examination of RSA 281-A:25-a, IV, in the context of the overall statutory scheme and the facts of this case, we believe the context does not suggest this section is intended to be limited to employers to the exclusion of insurance carriers. Indeed, to interpret the section to exclude insurance carriers would be to find a right without a remedy.

Because we find the definition of "employer" under RSA 281-A:2, VIII, as it is used in RSA 281-A:25-a, to be unambiguous, the respondent's argument that deference should be paid to department of labor regulations is unpersuasive. *See Milette v. N.H. Retirement System,* 141 N.H. 342, 346-47 (1996) (We do not accord deference to an agency's interpretation where the plain language is unambiguous). We hold that, based upon the facts of this case, where the employer has subsequently become insolvent and is unable to pay the weekly wage benefits to which the former

employee is entitled, the department of labor has the authority to require the employer's workers' compensation insurance carrier to pay the benefits due the former employee under RSA 281-A:25-a, IV.

The respondent's remaining arguments lack merit or do not warrant further discussion. *See.Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.