Compensation Appeals Board
No. 2002-190

APPEAL OF MELISSA CURRIN & a.

(New Hampshire Compensation Appeals Board)

Argued: February 6, 2003
Opinion Issued: April 7, 2003

*Fitzgerald & Sessler, P.A.*, of Laconia (*Shawn E. Nichols* on the brief and orally), for petitioner Melissa Currin.

*J. Kirk Trombley, P.A.*, of Barrington (*J. Kirk Trombley* on the brief), for petitioners J. Jill Group, Inc. and Royal & SunAlliance Insurance Co.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Stephen J. Schulthess* on the brief and orally), for the respondent.

BROCK, C.J. The petitioners, Melissa Currin (claimant), her former employer, J. Jill Group, Inc. (J. Jill), and J. Jill's insurance carrier, Royal & SunAlliance Insurance Co. (Royal), appeal the dismissal by the New Hampshire Compensation Appeals Board (board) of J. Jill's appeal of a New Hampshire Department of Labor (DOL) decision finding it responsible for an injury the claimant suffered while working for the respondent, Lakes Region Manufacturing (Lakes Region). We affirm.

The relevant facts follow. The claimant injured her knee on November 10, 1998, while working for J. Jill. She filed a workers' compensation claim, which J. Jill accepted, and received temporary disability benefits. The claimant left J. Jill's employ in May 1999. In October 1999, she began working for Lakes Region. On January 31, 2000, while on a smoking break in the Lakes Region parking lot, the claimant fell. She filed a workers' compensation claim, which Lakes Region denied. In its denial, Lakes Region noted that the claimant was currently receiving treatment for the 1998 claim she had filed with J. Jill.

The claimant requested a hearing before the DOL on the following issues: (1) the causal relationship of the January 31, 2000 injury to employment, *see* RSA 281-A:2, XI (1999) (amended 2001); (2) the claimant's eligibility for disability, *see* RSA 281-A:48 (1999); and (3) payment for the claimant's medical expenses, *see* RSA 281-A:23 (1999). The claimant, Lakes Region and J. Jill were all represented at the hearing.

At the hearing, the claimant argued that the January 31, 2000 injury was a new work-related injury for which Lakes Region was responsible. Lakes Region denied responsibility for the claimant's medical bills and disability payments on the ground that she did not suffer any injury on January 31, 2000. It argued that the claimant submitted an injury report because she

knew that her job was at risk for poor attendance, not because she suffered an additional injury.

J. Jill asserted that it was not responsible for the claimant's medical bills and disability payments following her January 31, 2000 injury because the injury was not causally connected to the November 1998 injury. J. Jill argued that it ceased being responsible for the claimant's medical bills as of June 1999, when her medical condition following the November 1998 injury stabilized.

Neither employer asserted that the other employer was responsible for the claimant's medical bills and disability payments.

In a March 9, 2001 decision, the DOL hearing officer determined that the January 31, 2000 injury was causally connected to the November 1998 injury, and, therefore, J. Jill remained responsible for the claimant's medical bills and disability payments. *See* RSA 281-A:23, I. On March 14, 2001, J. Jill notified the DOL of its intent to appeal to the board.

The claimant did not appeal the DOL's decision. However, on March 21, 2001, she requested a DOL hearing regarding Royal's February 2001 refusal to pay her medical bills for treatment she received from July 1999 through October 2000. In its letters denying payment for the bills, Royal stated that the bills were unrelated to the November 10, 1998 incident. The claimant requested the DOL to schedule a hearing on her medical bill issue after the board resolved J. Jill's appeal.

The board scheduled a hearing for August 21, 2001. On August 20th, J. Jill notified the board that its carrier had settled its claim with the claimant and had assigned to her its appellate rights. J. Jill informed the board that it did not intend to appear at the August 21, 2001 hearing and that it understood that the claimant would proceed with "the appeal against Lakes Region."

At the August 21, 2001 hearing, the board defaulted J. Jill. Following additional motion practice by the parties, the board rescinded the default and remanded the case for a hearing on the settlement reached between J. Jill, Royal, and the claimant. The board also dismissed J. Jill's appeal because "the party that brought the appeal has settled its remaining disputed issues with the claimant, thereby withdrawing its appeal, and no further appealed issues remain pending." J. Jill and the claimant moved for reconsideration, which the board denied.

"We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable." *Appeal of Staniels*, 142 N.H. 794, 796 (1998); *see* RSA 541:13 (1997). The board's factual findings are *prima facie* lawful and reasonable. *See* RSA 541:13. As the appealing parties, the

claimant, J. Jill and Royal have the burden of demonstrating that the board's decision was erroneous. *Staniels*, 142 N.H. at 796.

The petitioners first argue that the board erroneously dismissed J. Jill's appeal because the claimant was statutorily entitled to have all of the issues she raised before the DOL heard by the board at the August 21, 2001 hearing. The petitioners argue that as a result of J. Jill's appeal, "it was unnecessary for any other party to file an appeal" because, by statute, the board would hear J. Jill's appeal "*de novo.*" *See* RSA 281-A:43, I(b) (1999) (requiring board to hold a "full hearing" on appeal from DOL decision); N.H. ADMIN. RULES, Lab 201.01 (defining "de novo hearing," in part, as a "new hearing which is not bound by the findings and rulings of a previous hearing before the commissioner or hearing officer").

This court is the final arbiter of legislative intent as expressed in the language of a statute. *Appeal of Denton*, 147 N.H. 259, 260 (2002). "We interpret statutes not in isolation, but in the context of the overall statutory scheme." *Appeal of Holloran*, 147 N.H. 177, 179 (2001). "Although we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein." *Id.* We construe provisions of the Workers' Compensation Law liberally, "resolving all reasonable doubts in statutory construction in favor of the injured employee in order to give the broadest reasonable effect to its remedial purpose." *Denton*, 147 N.H. at 260 (quotation omitted).

The petitioners' statutory construction is flawed. RSA 281-A:43, I(b) provides, in pertinent part, as follows:

> An appeal from a decision of the commissioner or the commissioner's authorized representative shall be taken to the board no later than 30 days from the date of such decision. Upon the filing of an appeal the board shall . . . hold a full hearing on the appeal.

On its face, this statute mandates that an appeal be filed "no later than 30 days" from the DOL's decision.

RSA 281-A:50 (1999) permits "[a]ny person aggrieved by a decision of the commissioner who was prevented from appealing from such decision within 30 days through mistake, accident, or misfortune and not through the person's own neglect" to petition the board at any time within one year of the DOL's decision to be allowed an appeal.

Together these statutes limit the right to appeal from a DOL decision to those who are "aggrieved" by it. These statutes make clear that the failure to file a timely appeal is fatal to a party's right to pursue an appeal, unless

the party petitions pursuant to RSA 281-A:50 and the board grants the petition.

■ In this case, assuming, without deciding, that she was "aggrieved" by the DOL's decision, the claimant lost her right to pursue her claims on appeal to the board because she did not file a timely appeal. Nor did she bring a petition pursuant to RSA 281-A:50. Thus, we reject the petitioners' assertion that the claimant had a statutory right to pursue her claims on appeal to the board.

■ The petitioners mistakenly rely upon cases in which we have interpreted the phrase "full hearing" to mean that the board conducts a *de novo* review of "issues raised in the [DOL] proceedings being appealed." *Staniels*, 142 N.H. at 796 (quotation omitted). They argue that, pursuant to these cases, the appeal by *any* party requires the board to review *all* issues raised in the DOL proceedings, regardless of whether they were appealed. To the contrary, the board's *de novo* review of an appeal does not confer upon non-appealing parties the right to pursue their claims on appeal.

■ Alternatively, the petitioners contend that dismissal was inappropriate because the settlement between J. Jill and the claimant included a valid assignment of J. Jill's appeal rights. Assuming, without deciding, that J. Jill validly assigned its appeal rights to the claimant, we disagree that the assignment conferred upon the claimant the right to pursue her own claims on appeal to the board.

At most, the assignment conferred upon her the right to pursue J. Jill's claims on appeal. The assignment did not give the claimant the right to pursue her claim that Lakes Region was responsible for the January 31, 2000 injury on appeal. While the claimant argued at the DOL hearing that Lakes Region was responsible for her January 31, 2000 injury, J. Jill did not make this argument before the DOL and could not have made the argument on appeal to the board.

The petitioners' final argument is that given the claimant's alleged statutory right to raise issues before the board on appeal and the valid assignment, dismissing the appeal violated her State constitutional right to due process. Having rejected this argument's premises, we need not reach it.

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.