Compensation Appeals Board
No. 2003-150

APPEAL OF EDWARD FAY, III
(New Hampshire Compensation Appeals Board)

Argued: October 15, 2003
Opinion Issued: December 8, 2003

*John G. Vanacore*, of Concord, by brief and orally, for the petitioner.

*Law Offices of John B. Schulte*, of Manchester (*John B. Schulte* on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, Edward Fay, III, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying him temporary partial disability benefits and ruling that the respondent, Elliot Hospital (hospital), was responsible only for certain medical bills. We vacate in part and affirm in part.

On November 12, 1999, Fay was working as a cook at the hospital when he injured his back lifting a thirty-pound box of frozen food. Fay reported the injury immediately, but did not seek medical treatment until November 22, 1999, when he visited his family physician, Dr. Albert Bourgeois. According to Dr. Bourgeois, Fay had a "full-time, full-duty work capacity."

On December 7, 1999, the hospital denied Fay's claim for workers' compensation on the basis that there was no causal relationship between the injury and his employment. Fay appealed to the New Hampshire Department of Labor. A hearing officer found that Fay sustained an injury arising out of and in the course of his employment, and thus his claim was both compensable and the responsibility of the hospital. Since Fay "did not

lose any time" as a result of his injury, the hearing officer did not rule on the extent of Fay's disability.

Fay continued to work at the hospital until December 1999 when he left to work at another restaurant. Fay testified that due to his back injury, he was unable to perform fully the duties of his new job. However, he continued working at the restaurant until the spring of 2000, when he left in order to concentrate on his firewood business. Because of his back injury, he was unable to perform much of the physical labor that his business required and was forced to hire employees.

On September 10, 2001, a functional capacity evaluation indicated that Fay had a "full-time light duty work capacity." Additionally, on February 4, 2002, an independent medical evaluation was conducted by Dr. Richard Levy. Dr. Levy stated: "The medical records and the patient's subjective history certainly raise the possibility that his problem is causally related to work." Dr. Levy opined that Fay had a full-time, light-duty work capacity and that he could work as a cook. Fay, on the other hand, felt that his inability to lift heavy items precluded him from working as a cook and in his wood business.

During this time, the hospital continued to pay for the treatments related to Fay's back injury. However, when Fay was treated by Erickson Chiropractic, the hospital denied reimbursement. In addition, when Fay was treated for gastrointestinal problems, the hospital denied reimbursement for those treatments as well.

According to Fay, he began to experience emotional difficulties shortly after he was injured at work. He first suffered an anxiety attack in December 1999. When his emotional problems continued, he began treatment with Paul Foster-Smith, a mental health counselor, in September 2000. Fay was also treated by Foster-Smith's partner, Catherine Foster-Smith, a psychiatric nurse practitioner. On August 16, 2001, the hospital denied reimbursement for Fay's mental health counseling.

Fay appealed and a hearing was held at the department of labor on May 1, 2002. At issue was whether the hospital was responsible for Fay's chiropractic, gastrointestinal and mental health counseling bills. The hearing officer ruled that Fay was entitled to temporary partial disability benefits and vocational rehabilitation assistance. The hearing officer also ruled that the hospital had a continuing responsibility for the medical bills related to Fay's back injury, including his chiropractic bills. The hearing officer found, however, that the hospital was not responsible for Fay's mental health counseling or gastrointestinal bills, because he failed to prove that they were the result of his work-related back injury.

Fay appealed to the board for a *de novo* hearing. The board found that: (1) Fay failed to prove that he was disabled from the November 12, 1999 injury; (2) the opinions of Paul and Catherine Foster-Smith were not credible; (3) Fay failed to prove that the mental health counseling bills and other medical bills related to his anxiety problem were the result of his back injury; and (4) the only medical bills related to Fay's back injury for which the hospital is responsible are those incurred on or before December 21, 1999. The board subsequently denied Fay's motion for reconsideration and rehearing.

We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. *Appeal of CNA Ins. Co.*, 148 N.H. 317, 319 (2002). We consider the board's factual findings to be *prima facie* lawful and reasonable. *Appeal of Currin*, 149 N.H. 303, 305 (2003). As the appealing party, Fay has the burden of demonstrating that the board's decision was erroneous. *Id.* at 305-06.

Fay first argues that the board exceeded its authority when it ruled on issues that were not raised at the department of labor hearing. We agree.

■ The board's *de novo* review is limited to issues raised in the department of labor proceedings being appealed. *Appeal of Rainville*, 143 N.H. 624, 629 (1999); P. SALAFIA & D. DANEKE, NEW HAMPSHIRE WORKERS' COMPENSATION MANUAL § 13.02, at 13-12 (3d ed. 2001). "Because of the breadth and complexity of the workers' compensation statutory scheme, limiting the issues reviewable by the board ensures that parties can reasonably anticipate the issues for which they must prepare evidence and argument." *Rainville*, 143 N.H. at 629. Moreover, "the board's *de novo* review of an appeal does not confer upon non-appealing parties the right to pursue their claims on appeal." *Currin*, 149 N.H. at 307.

■ Here, the hearing officer ruled in favor of Fay, finding that he was entitled to temporary partial disability benefits and that the hospital was responsible for all medical bills related to his back injury. The hearing officer also ruled, however, that the hospital was not responsible for Fay's mental health counseling and gastrointestinal bills. Fay appealed, challenging the hearing officer's ruling that the hospital was not responsible for his mental health counseling and gastrointestinal bills. That ruling, however, was the only issue appealed; Fay did not challenge the decisions that were favorable to him, namely, that he was entitled to temporary partial disability benefits and that the hospital was responsible for all medical bills related to his back injury. Because the hospital failed

to appeal the hearing officer's decision, it was not entitled to pursue its claims on appeal. *See id.* Thus, we hold that the board exceeded its authority when it ruled that Fay failed to prove that he was disabled from the November 12, 1999 injury and that the hospital was responsible only for the back-related medical expenses that were incurred on or before December 21, 1999. As a result, we vacate this portion of the board's decision. Because we agree that the board exceeded its authority, we need not address Fay's collateral estoppel argument.

Next, Fay argues that the board erred as a matter of law when it ruled that he failed to meet his burden of proof to establish that his mental health counseling and gastrointestinal bills were the result of his workplace injury and the responsibility of the hospital. More specifically, Fay argues that the board's decision was contrary to the weight of evidence and is therefore unjust and unreasonable. We disagree.

As set forth above, we will affirm the board's decision unless Fay can demonstrate, by a clear preponderance of the evidence, that it is unjust or unreasonable. *CNA Ins. Co.*, 148 N.H. at 319. Moreover, in reviewing the board's findings, "our task is not to determine whether we would have found differently than did the board, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record." *Appeal of Sutton*, 141 N.H. 348, 350 (1996) (quotation and brackets omitted).

The burden was on Fay to demonstrate that his mental health counseling and gastrointestinal treatments were the result of his back injury. *See id.* "[Fay] was required to prove legal causation, that is, that [his] injury is work-connected, and medical causation, that is, that [his emotional and gastrointestinal problems were] actually caused by the work-related event." *Id.* (quotation omitted).

■ "Medical causation is a matter properly within the province of medical experts, and the board is required to base its findings on this issue upon the medical evidence rather than solely upon its own lay opinion." *Appeal of Demerill*, 142 N.H. 807, 810 (1998) (quotation omitted). This standard, however, does not mandate that workers' compensation benefits be awarded to every claimant who presents uncontroverted medical testimony on the issue of causation. *Id.* Rather, "[t]he board is entitled to ignore uncontradicted medical testimony, but must identify the competing evidence or the considerations supporting its decision to do so." *Id.* (quotation and brackets omitted). Moreover, the board is free to disregard expert testimony, particularly "when the expert opinion . . . derives at least in part from narrative from the patient-petitioner himself, whose

credibility is thereby the subject of inquiry." *Appeal of Gamas*, 138 N.H. 487, 491 (1994).

■ After a careful review of the record, we hold that the board did not err as a matter of law when it ruled that Fay failed to prove that his mental health treatments were a result of his workplace injury. As it is entitled to do, the board rejected the Foster-Smiths' uncontroverted testimony because it found that their opinions were not credible. In reaching this conclusion, the board relied upon several pieces of evidence that were before it. First, the board noted that the Foster-Smiths relied wholly on Fay's narrative and did not review any of Fay's prior medical history. *See id.* The board further noted that Catherine Foster-Smith's opinion was based on a misconception of what Fay's job entailed and that Paul Foster-Smith was "unable to definitely state what brought on the claimants' [*sic*] anxiety, depression and panic symptoms." Additionally, the board relied upon Fay's medical records, which indicated that his panic and depression symptoms were chronic, a diagnosis unknown to the Foster-Smiths because they failed to review Fay's medical records. Accordingly, the board did not commit error when it disregarded the ultimate opinions offered by Paul and Catherine Foster-Smith.

■ We reach the same conclusion with regard to the board's ruling that Fay failed to prove that his gastrointestinal treatments were a result of his workplace injury. Fay testified that he experienced stomach problems after he injured his back. Fay offered no medical evidence to corroborate his claim that his stomach problems were a result of his back injury. Because the burden was on Fay to demonstrate with medical evidence that his need for gastrointestinal treatments was the result of his back injury, *see Demeritt*, 142 N.H. at 810, and he proffered only his own uncorroborated testimony, we cannot conclude that Fay demonstrated, by a clear preponderance of the evidence, that the board's decision was unjust or unreasonable, *see CNA Ins. Co.*, 148 N.H. at 319. Thus, we will not disturb the board's decision that Fay failed to meet his burden of proof that his gastrointestinal treatments were a result of his back injury.

*Vacated in part and affirmed in part.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.