Compensation Appeals Board
No. 2007-657

APPEAL OF SAU #35 WHITE MOUNTAIN SCHOOL DISTRICT (New Hampshire Compensation Appeals Board)

Argued: June 18, 2008
Opinion Issued: September 12, 2008

*Bernard & Merrill, PLLC,* of Manchester (*Gary S. Harding* on the brief and orally), for the appellant, Fire Casualty Insurance Co. of CT.

*Fitzgerald & Nichols P.A.,* of Laconia (*Shawn E. Nichols* on the brief and orally), for the claimant.

HICKS, J. The appellant, Fire Casualty Insurance Co. of CT (carrier), insurance carrier for the White Mountain School District (district), appeals the decision of the New Hampshire Compensation Appeals Board (board) ruling that it must pay certain medical bills of the claimant, Lewis Mello. We reverse and remand.

The record supports or the parties do not dispute the following. In November 2002, Mello was employed as the business administrator for the district. While attending a school board meeting on November 20, Mello engaged in a "prolonged and heated discussion" with a member of the school board and suffered a transient ischemic attack, also known as a mini stroke. He was taken to the hospital later that night and treated for this condition. Mello stopped working under doctor's orders until May 2003, when he returned full time.

Mello filed a workers' compensation claim for indemnity and medical benefits. In June 2003, a department of labor (DOL) hearing officer awarded Mello temporary total disability benefits from November 21, 2002, through May 23, 2003, when he returned to work full time, and further ordered that "treatment for [Mello's] condition is found to be compensable and the responsibility of the insurer." The carrier did not appeal this decision.

Mello continued to see his doctor after May 2003 and the resulting bills were forwarded to the carrier for payment. The carrier denied these claims by verbally informing Mello's health care provider in September 2004 that his "case is closed" and to stop sending bills. Portions of some of the bills were paid by Mello's health insurance carrier.

Mello requested a hearing before the DOL in June 2005, seeking coverage from the carrier for these claims. A hearing was held on October 6, 2005, and by decision dated October 20, 2005, the hearing officer determined that the medical bills were compensable and ordered the carrier to pay the medical bills within thirty days of the date of the decision. On October 25, 2005, the carrier filed a motion for reconsideration and a request for a stay of medical payments. The carrier also filed an appeal with the board on October 27, 2005.

The carrier did not pay the medical bills and through letters sent to the DOL in January 2006, Mello requested enforcement of the hearing officer's October 2005 decision. Both the carrier and Mello also requested a ruling on the carrier's motions. On February 10, 2006, over three months after the

carrier's motions were filed, the hearing officer denied the motion for reconsideration and granted the stay for medical payments pending appeal of the case. No reason for this lengthy delay is evident from the record.

A hearing on the carrier's October 27, 2005 appeal was held before the board in July 2007 and a decision was issued August 2, 2007. The board concluded that the carrier must pay Mello's medical bills incurred from June 2003 through October 6, 2005, the date of the hearing before the DOL. The board based its decision upon RSA 281-A:43, I(b), which provides that an appeal taken from a decision of the hearing officer shall not "suspend the operation of an award" unless the hearing officer so orders. RSA 281-A:43, I(b) (1999). Because a stay was not *issued* within thirty days after the hearing officer's October 20, 2005 decision, the board concluded that the carrier was required to pay the medical bills by the thirtieth day, despite the fact that a request for a stay was filed within the thirty-day period and was eventually granted on February 10, 2006. The board did not address the issue appealed by the carrier regarding whether the medical visits were reasonable and required due to the nature of Mello's work injury. *See* RSA 281-A:23, I (1999). The carrier filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the carrier argues that the board erred by: (1) addressing the stay of medical payments when that issue was not before it on appeal; (2) ordering the carrier to pay Mello's medical bills; and (3) failing to address the issue of whether Mello's subsequent medical treatment was reasonable and required by the nature of his injury.

We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. *Appeal of Fay*, 150 N.H. 321, 324 (2003). We consider the board's factual findings to be *prima facie* lawful and reasonable. *Id.* As the appealing party, the carrier has the burden of demonstrating that the board's decision was erroneous. *Id.*

The carrier argues that the board exceeded its authority by addressing the effect of the stay upon the carrier's obligation to pay the medical bills because that issue was not specifically appealed by either party and therefore was not before the board.

The right to appeal a decision of a DOL hearing officer is governed by statute. *See* RSA 281-A:43 (Supp. 2007); RSA 281-A:50 (1999). RSA 281-A:43, I(b) provides, in pertinent part, as follows: "An appeal from a decision of the commissioner or the commissioner's authorized representative shall be taken to the board no later than 30 days from the date of such decision. Upon the filing of an appeal the board shall . . . hold a full hearing on the appeal."

On its face, this statute mandates that an appeal be filed "no later than 30 days" from the DOL's decision.

RSA 281-A:50 . . . permits "any person aggrieved by a decision of the commissioner who was prevented from appealing from such decision within 30 days through mistake, accident, or misfortune and not through the person's own neglect" to petition the board at any time within one year of the DOL's decision to be allowed an appeal.

Together these statutes limit the right to appeal from a DOL decision to those who are "aggrieved" by it[,] . . . [and] make clear that the failure to file a timely appeal is fatal to a party's right to pursue an appeal, unless the party petitions pursuant to RSA 281-A:50 and the board grants the petition.

*Appeal of Currin*, 149 N.H. 303, 306-07 (2003) (brackets omitted).

■■ There was no cause for Mello to file an appeal of the hearing officer's October 20, 2005 decision within the thirty-day period because the decision was favorable to him, and no stay was issued at that time. While the carrier's appeal was pending before the board, Mello protested several times to the DOL that the carrier refused to make payment following the expiration of the thirty-day period. However, the hearing officer granted the stay three months after the expiration of the thirty-day period. Mello then had an adverse ruling which he could appeal to the board. Mello did not file an appeal, nor did he bring a petition pursuant to RSA 281-A:50. Thus, the effect of the stay on the carrier's obligation to make payment was not an issue before the board and it should not have been addressed. *See Appeal of Fay*, 150 N.H. at 324 (board's *de novo* review does not confer upon non-appealing parties the right to pursue their claims on appeal before the board; nor can board rule on issues that were "not raised at the department of labor hearing").

Next, the carrier argues that the board erred by ordering it to pay Mello's medical bills. Because a stay was ultimately granted by the hearing officer, the carrier argues that it was relieved from making payments as ordered in the October 20, 2005 decision. The board based its decision that the employer was obligated to pay the medical bills upon its conclusion that "although the request for a stay was filed in a timely manner the filing did not operate in any way to delay the effective date of the order. Therefore, the granting of the stay 83 days after the order took effect by operation of law was a nullity."

Given our above holding that the stay was not an issue before the board, we reverse the board's decision that the employer was required to pay the medical bills because the stay failed to suspend that obligation.

This brings us to the carrier's final argument, that the board erred by failing to address the issue appealed; namely, whether Mello satisfied his burden to prove that his medical treatment was both reasonable and required by the nature of his work injury. *See* RSA 281-A:23, I ("An employer subject to this chapter, or the employer's insurance carrier, shall furnish or cause to be furnished to an injured employee reasonable medical . . . services . . . for such period as the nature of the injury may require."); *see also Appeal of Fay*, 150 N.H. at 325. During oral argument, opposing counsel conceded that the board should have decided this issue.

■ The parties urge us to determine on appeal whether Mello's medical treatment is compensable under RSA 281-A:23, I. We decline to do so because it is not our role at this stage of the proceedings. *Appeal of Lalime*, 141 N.H. 534, 538 (1996). In light of Mello's concession that the board erred, we remand for a determination regarding whether the medical bills at issue were the result of treatment that was both reasonable and required by the nature of Mello's work injury. *See* RSA 281-A:23, I. To the extent Mello argues that the carrier has waived, or was precluded from making, certain arguments before the board on this issue, we leave that for determination by the board in the first instance.

■ Finally, the carrier argues that it is entitled to reimbursement from the healthcare providers for any payments it has made. We decline to address this issue, however, because it is not ripe for our review. Before the issue of reimbursement can be considered, there must first be a determination in the carrier's favor that Mello's medical bills are not covered under RSA 281-A:23, I.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.