# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0180, <u>Appeal of Kelly Lowell</u>, the court on January 13, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The claimant, Kelly Lowell, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying her claim for workers' compensation benefits on the basis that she did not prove that her medical disabilities were causally-related to a workplace injury that allegedly occurred on May 24, 2017 as a result of lifting a ten-pound cutting board. In determining that the claimant failed to prove medical or legal causation, the board found that she was not credible, observing that an "independent witness," who was her co-worker, testified that the claimant "told her in May 2017 that the injury did not occur at work and happened months before." The board additionally observed that the claimant "was vague as to how the injury at work occurred." Although the board stated that it "gives substantial weight to the medical opinions of the [claimant's] treating physicians," it noted that the claimant's "credibility is certainly the basis for the medical opinions," and that "the subjective nature of [her] pain complaints and her credibility bring those opinions into question." Finally, the board did "not deem lifting the cutting board to be a trauma-inducing activity."

On appeal, the claimant argues that the board's determination that she failed to prove a workplace injury is against the weight of the evidence because her "treating doctors as well as the independent medical examiner document an initial injury that did occur on May 24, 2017." Thus, she contends that the board erred by "ignor[ing] uncontroverted medical testimony" without "identify[ing] the competing evidence or the considerations supporting its decision to do so." The claimant similarly argues that, by finding that lifting the cutting board was not trauma inducing, the board improperly rejected uncontested medical evidence.

To recover workers' compensation benefits, it is the claimant's burden to show that her injuries arose out of and in the course of her employment. <u>Appeal of Kelly</u>, 167 N.H. 489, 492 (2015); RSA 281-A:2, XI (Supp. 2018). An injury arises "in the course of employment" when it occurs "within the boundaries of time and space created by the terms of employment and occurs in the performance of an activity related to employment." <u>Kelly</u>, 167 N.H. at

492 (quotation omitted). An injury arises "out of" employment when it "result[s] from a risk created by the employment." Id. (quotation omitted). With respect to an injury resulting from both a personal risk and an employment-related risk, the claimant must prove both legal causation, that is, that the injury "is in some way work-related," and medical causation, that is, that the injury "was actually caused by the work-related event." Id. at 493 (quotation omitted).

"We will not disturb the [board's] decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable." Id. at 491 (quotation omitted). "The board's findings with respect to the existence, extent, and cause of disability are all findings of fact that we will not disturb if supported by competent evidence in the record." Appeal of Martino, 138 N.H. 612, 614 (1994). "[I]n reviewing the board's findings, our task is not to determine whether we would have found differently than did the board, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record." Appeal of Fay, 150 N.H. 321, 325 (2003) (quotation omitted). The board is free to reject uncontested medical evidence so long as it identifies competing evidence or considerations that support its decision to do so. Id. This is particularly the case "when the expert opinion derives at least in part from narrative from the patient . . . [her]self, whose credibility is thereby the subject of inquiry." Id. at 325-26 (quotation and ellipsis omitted).

As the appealing party, it is the claimant's burden to provide a record on appeal that is sufficient to decide the issues she is raising. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Absent a transcript of the hearing before the board, we assume that the evidence was sufficient to support the board's decision. See id.; Sup. Ct. R. 10(2) note.

We conclude that the board's determination that the claimant failed to prove that her medical disabilities were causally-related to a workplace injury was neither erroneous as a matter of law nor unjust or unreasonable. Kelly, 167 N.H. at 491. In finding that the claimant failed to prove causation, the board specifically determined that her narrative was not credible, crediting the testimony of her co-worker that the claimant had admitted in May 2017 that her injury did not occur at work, and observing that the claimant's own testimony concerning how the injury had occurred was vague. Moreover, in rejecting the medical evidence, the board specifically articulated the grounds on which it relied to find the claimant not credible, and observed that the medical opinions were all premised upon the credibility of the claimant's narrative. See Fay, 150 N.H. at 326. Finally, because the claimant has not provided a transcript of the hearing before the board, we must assume that the

2

evidence supports the board's determination that the claimant failed to prove legal and medical causation.  See Bean, 151 N.H. at 250.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**